TRUSTEES OF ROCHESTER *vs.* SYMONDS and others.

In an action against a *collector of taxes* and his *sureties* for not paying over monies received by him, the averment that the monies were received by him *by virtue of a warrant* issued and delivered to him, cannot be traversed, unless it be pleaded that he had the right to receive, and did in fact receive the monies *by virtue of some other authority;* in which case, as the question is presented under which authority the money was received, it is *matter of fact,* and the receipt of the money by virtue of the warrant may be traversed—thus, where the trustees of a village were bound to *demand* taxes before acquiring the right to issue a warrant to enforce the collection of them, and they sued the collector of the village and his trustees for non-performance of his duties *as collector,* averring that monies were received by him *by virtue of a warrant* issued by the trustees; *it was held,* that the defendants, on alleging that the collector was *appointed* to demand and receive the money, and averring that the monies were received by him *by virtue of such appointment,* might *traverse* the allegation that the monies were received *by virtue of the warrant.*

In such action it is not necessary to aver a previous demand and refusal to pay the taxes by the taxable inhabitants; the process being regular upon its face, and the officer entitled to protection in its execution, he has no right to inquire into its regularity.

DEMURRER to pleas. The declaration is in *debt,* on bond bearing date 8th May, 1827, in the penal sum of $6000, conditioned for the faithful performance by Symonds of the duties of *collector of village* for the year ensuing the date of the bond. The suit is against him and his sureties. There are eight breaches assigned. In the assignment of the *first* breach, it is averred that on the 23d October, 1827, a warrant was duly issued by the trustees of the village, under their corporate seal, by virtue of the authority conferred by the act of incorporation of the village, and delivered to Symonds as collector of the village, requiring him to collect from the several persons mentioned in the assessment annexed to the warrant, the several sums at which their respective houses and lots were assessed in the schedule annexed to the warrant, amounting in the aggregate to $265,92, for and on account of the expense of *constructing a certain sewer,* known as, &c.; and that Symonds did, *by virtue of the said warrant,* as collector, proceed to collect of the several persons, &c. the several sums of money at which

UTICA,
July, 1831.

Trustees of
Rochester
v.
Symonds.

they were assessed, and did actually receive, by virtue of the authority contained in the warrant, a large sum of money, to wit, $239$\frac{20}{100}$, to the use of the plaintiffs, which he neglected to pay over. Several pleas were put in to this assignment, but only the *fifth* and *seventh* will be noticed. *Fifth* plea, *actio non,* because, by the 21st section of the act incorporating the village, it is, among other things, enacted that the board of trustees may cause *common sewers,* &c. to be made, and cause the expense thereof to be assessed upon the owners, &c. of property to be benefitted ; and that such owners, &c. of property shall respectively, on demand, *pay to such persons as shall be authorized* by the board of trustees to receive the same, such sums as their respective properties shall be assessed at, or *in default* of such payment, it shall be lawful for the board of trustees by warrant, under the seal of the village, to levy the same, by distress and sale of the goods and chattels of such owners, &c. ; that on the 23d October, 1827, the trustees of the village, in pursuance of the authority conferred by the 21st section, made their written *appointment,* and delivered the same to Symonds, and thereby authorized him to *demand* and *receive* from the several persons named in the assessment in the breach mentioned, the several sums at which their respective houses or lots were assessed, and that Symonds did, *by virtue of such appointment,* receive the said sum of $239,20 ; *without this,* that Symonds did *by virtue of the said warrant,* collect the said last mentioned sum of money in manner and form as the said plaintiffs have, in and by the said breach alleged, and this the said defendants are ready to verify, wherefore, &c. *Seventh* plea, *actio non,* because the plaintiffs, as trustees, did, in and by their *written power* contained in the same instrument in writing, with the warrant in the breach mentioned, *authorize* Symonds to *demand* of the several persons named in the assessment to the power annexed, the sums at which their respective houses or lots were assessed, and that the plaintiffs did, in and by the said warrant, command Symonds, *in case* any of the said persons should refuse to pay the sum at which they were respectively assessed, to levy the same by distress and sale of the goods and chattels of such persons ; that Symonds did, on, &c. at &c by virtue of the said *power,* demand

UTICA
July , 1831.

Trustees of
Rochester
v.
Symonds.

of the said several persons the sums at which their respective houses or lots were assessed, and that they did not, nor did either of them refuse to pay, but on the contrary thereof, they did, *on such demand,* pay the sums at which they were respectively assessed, whereby it became unlawful, and contrary to the duty of Symonds, to execute the *warrant,* and that he did not, for the cause aforesaid, execute the same ; *without this,* &c. traversing the collection and receipt, *by virtue of the authority contained in the warrant,* of the said sum of $239,20, in manner and form as in the breach alleged. To these two pleas the plaintiffs *demurred,* assigning for cause specially, that they traverse matter not traversable, and tender immaterial issues. The same questions were presented by a variety of other pleas put in by the defendants, but the judgment of the court having been pronounced upon the *fifth* and *seventh* pleas, it is deemed useless to state the other pleadings in the cause.

*F. Whittlesey,* for the plaintiffs.

*F. M. Haight,* for the defendants.

*By the Court,* SAVAGE, Ch. J. The act to incorporate the village of Rochester, *Laws of* 1826, *page* 112, is not as explicit as to the duties of the collector. The 6th section directs that a collector be chosen : the 15th requires him to give security ; the 16th limits the amount to be raised for taxes to defray the expenses of lighting the streets and bridges, supporting a night watch and defraying the expenses of any local improvement not otherwise provided for, and to defray contingent expenses. These taxes are to be collected in the same manner as taxes are collected in the county; by the collector of said village, by virtue of a warrant, signed by the president of the village, under the common seal thereof. The 21st section gives power to the trustees to open streets, &c. in said village, to cause *sewers,* drains, &c. to be made ; and to cause a just estimate and assessment to be made by five freeholders, to be appointed by the trustees, whose certificate, ratified by the trustees, shall be binding on the owners, occupants, &c. ; and such owners shall pay, on demand, to such persons as shall be

authorized by the board of trustees to receive the same; or
in default of such payment, or any part thereof, it shall be law-
ful for the board of trustees, by warrant, under the seal of the
village, to levy the same by distress and sale of the goods and
chattels of such owner, &c.   The act is silent in relation to
the person to whom the warrant shall be directed, and who
shall execute the same; but the collector of the village being
designated as the officer to collect the ordinary taxes of the
village, in the same manner as collectors of towns collect
the county taxes, and such collections being authorized to be
enforced by distress and sale, it is reasonably to be inferred that
the legislature intended the warrant mentioned in the 21st
section should be executed. in case of necessity, by the appro-
priate officer the *collector ;* a constable, as such, I think would
have no such authority, without being specially named as the
proper officer.

Before this warrant could regularly issue, there was some-
thing else to be done.   Until some person appointed for that
purpose had demanded payment of the assessments, and pay-
ment had been refused, the trustees had not authority to issue
a warrant; when issued, the collector, and he alone, had au-
thority to execute it.   It is proper to remark, also, that as the
trustees had authority, under certain circumstances, to issue a
warrant, they had jurisdiction of the subject matter, and if the
trustees had issued it without first demanding payment, the
collector would be justified in enforcing it, though the trustees
themselves would not.   It is not the duty of a ministerial offi-
cer, nor has he the right to refuse to execute process regular
upon its face, and issued by any court or person having juris-
diction.   The ministerial officer is not the judge of the regu-
larity of the proceedings of a judicial tribunal.   It is not tena-
ble ground, therefore, to assume that the officer is not bound
to pay over the money, though he may have received it upon
the warrant.   If he has received the money in his official
character as collector, he is bound to pay it to the treasurer;
and on his failing to do so, his sureties are liable.   It was not
necessary, therefore, in this suit, to state in the breach that
the money had been demanded, and payment refused, as these
facts were not necessary to justify the collector.

UTICA,<br>
July, 1831.<br>
Trustees of<br>
Rochester<br>
v.<br>
Symonds.

UTICA,
July, 1831.

Trustees of
Rochester
v.
Symonds.

The facts admitted by the pleas are, that Symonds was collector of the village, and received the sum mentioned; but it is averred in the pleas that he received from the trustees an appointment to receive the amount of the assessments in question in the the same instrument which contained the warrant, and that by the instrument taken all together if the money was paid under the appointment, the warrant could not be executed, and that in fact the money was paid to him, and received by him, as the agent of the trustees; not as collector. This is admitted by the demurrer. It is very clear that the demand mentioned in the statute must precede the issuing of a warrant. It is also clear that any person, as well as the collector, might be designated and authorized to demand payment and receive it. Suppose the trustees had proceeded regularly, and before issuing a warrant, had constituted Symonds their agent to demand and receive the amount of the assessments, and he had received such amount and kept it, refusing to pay it over; could there be any doubt that his sureties for his conduct as collector were not responsible? They were sureties for his official conduct as collector, but not in any other capacity. The plaintiff's counsel contend that the collection was made by virtue of the warrant: it is so averred in the declaration, but that fact is traversed by the pleas; and this traverse is assigned as cause of special demurrer, on the ground, that whether the money was received by him as collector, by virtue of the warrant, is matter of law, and can never be a proper question for a jury. If the pleadings present that question purely as a question of law, then the plaintiffs are right; but if it be presented as matter of fact, or even a mixed question, or if matter of fact depend upon it, then it is traversable.

The rule laid down by Mr. *Chitty*, 1 Chitty's Pl. 587, is, that in general the intent or *virtute cujus* as *by virtue of the said warrant*, &c. ought not to be put in issue. That question was discussed in *Beal* v. *Simpson*, 1 Ld. Raym. 408. That was an action on the case, for the escape of B. The defendant pleaded that the said B. being in his custody, a *habeas corpus* issued, and was delivered to him before the escape, and that by virtue thereof he took the said B. out of prison, &c. The plaintiff replied, protesting that the *habeas corpus* was not de-

UTICA,
July, 1831.

Trustees of
Rochester
v.
Symonds.

livered before the escape, and for replication says, that a *habeas corpus* issued, tested and returnable of different terms from those stated in the plea ; but after the return of that writ the defendant took the said B. out of prison ; and being out of prison, the defendant by covin procured another writ of *habeas corpus*, and by color of that writ took B. out of prison ; *absque hoc*, that the said B. was taken out of prison *virtute* the former writ. The defendant demurred, and contended that the traverse was not good, but was a negative pregnant. The court were divided on the point. *Treby*, chief justice, held the traverse bad, because *virtute cujus* is not traversable. *Powell*, justice, said, when a matter of law is only comprised in a *virtute cujus*, then it is not traversable ; but matter of fact in the *virtute cujus* is traversable. He said the time of issuing the writ is traversable ; the delivery of the writ might have been traversed, but that was not traversed, but the taking out of prison *virtute* that writ ; and there may be cases where nothing else can be traversed. The other justices, Nevill and Blencowe, agreed with Powell, that generally the *virtute cujus* is not traversable, containing matter of law ; but when it is mixed with fact, then it may be traversed, and then they said there was matter of fact depending upon it, and for that reason it was traversable. The case now under consideration is a striking one to exemplify the doctrine of the court in that case. The issuing and delivery of the warrant are not traversed, and therefore if no other fact was presented, no other authority shown, *virtute cujus*, Symonds could lawfully receive the money, it would be a matter of legal inference that the money was received by virtue of the warrant ; but the defendants shew another authority, by virtue of which the money might lawfully be received, and which, by the statute, must precede warrant ; it is therefore not matter of law in this case, but matter of fact, whether the money was received by Symonds by virtue of the one authority or the other. It therefore becomes a traversable fact. The pleas are in my opinion good, both in form and substance. The *appointment* by which the defendants say Symonds received the money, might have been given as well to any other person as to him, and has no connection with the office of collector. The warrant, when issu-

ed, it must be executed by the collector. The liability of the sureties depends upon the fact whether the money was received by virtue of the appointment, or the warrant.

The defendants are entitled to judgment on the demurrers, with leave to the plaintiffs to reply, on payment of costs.