LANE vs. DOBYNS.

Tenants in common must join in all personal actions.

*Lane vs. Dobyns.*

ERROR to St. Louis Court of Common Pleas.

## Statement of the Case.

In this case the plaintiff sued the defendant in an action of trespass, and the declaration alleged that the plaintiff was legally entitled to the possession of certain premises, but that defendant entered thereupon and ejected plaintiff and took possession of the premises, and the rents and profits thereof for the space of four years, to the damage of the plaintiff five hundred dollars.

To this declaration, defendant pleaded in abatement, that at the time when the trespasses mentioned in the declaration were committed, Cyprian Clamorgan and Henry Clamorgan were tenants in common of the premises whereon, &c., together with the plaintiff, and that both Henry and Cyprian were, at the time of bringing this suit, living in the city of St. Louis, and State of Missouri. This plea was by consent admitted without affidavit.

To this plea, there was a demurrer, and at the hearing thereof, the court overruled the same and gave judgment that the writ be quashed, &c. To reverse this judgment, plaintiff sued out a writ of error.

GANTT, *for Plaintiff in error, submits the following points:*

1. Tenants in common cannot join in ejectment by the common law; they must sever. 1 Mo. R., 224; Chitty on Plead., 75, 76.

2. In action of trespass for *mesne* profits, tenants in common may join or sever. Raper vs. Landsdale, 12 East., p. 39; Martin vs. Crampe, Lord Raym., 340; 5 Durnford & East, 248, and cases there cited. 1 Bing., N. C., 713; (27 Eng. Com., L. R., 555;) Blackstone's Rep., 1077; Cutting vs. Derby, 14 Serg. & Rawles, p. 370; Ross, et. al. vs. McJunkin, 2 Wils., 232; Heatherly vs. Weston, 2 Caine's Rep., (N. Y. T. R.,) 175; Jackson, et. al. vs. Bradt, Chitty on Plead., 75, 76.

3. Our enabling statute, first passed in 1839, merely allows tenants in common to join in an action of ejectment, but does not compel them to do so, or take from them the power of suing severally; and the law of Missouri allows a plaintiff suing in ejectment to recover not only the land sued for, but also the proportion of the profits to which he may show himself entitled, by way of damages. It is submitted that the same rules and principles should govern the action of trespass for *mesne* profits which are applicable to the action of trespass, and this is expressly declared in Black. 1077, to be the rule in a similar case.

FIELD, *for Defendant in error, insists:*

It is a long established rule of the law that in all personal actions, including actions of trespass to real property, tenants in common must join. The following authorities are cited: Littleton, sec. 315, and Coke's Comment; Austin vs. Hall, 13 J. R., 286; Decker vs. Livingston, 15 J. R., 479; Sherman vs. Ballou, 8 Cow. R., 304; Hill vs. Gibbs, 5 Hill, N. Y. Rep., 56 and note; Daniels vs. Daniels, 7 Mass. R., 135; Murrill vs. Beakshire, 11 Pick. R., 269; May vs. Parker, 12 Pick. R., 34; Gilmore vs. Wilbur, 12 Pick. R., 120; Bradly vs. Boynton, 22 Maine Rep., 287. See also to same effect the recent work of Roscoe on actions relating to real property, p. 665, and cases cited.

The plaintiff in error is understood to rely on the text of Chitty's Pleadings. This is not sustained by the cases. See the remarks of the Judge in Shearman vs. Ballou, *supra*.

There are cases in which one tenant in common can maintain trespass against his co-tenant, but these cases are nothing to the present purpose. The cases stand on different reasons. The ground on which tenants in common are required to join against a stranger is founded in public policy to prevent multiplicity of suits. This reason is inapplicable to suits between themselves.

McBride, J., *delivered the opinion of the Court.*

Did the Court err in overruling the demurrer to the defendants plea in abatement? In support of the demurrer, reference is made to 1 Chitty's Plead., 75, 76, where it is stated that "a tenant in common may however in general sue separately; as in ejectment for his undivided share, or in trespass for the *mesne* profits, or in debt for double value against a person who has held over after the expiration of his tenancy. But a joint action for *mesne* profits may be supported by several lessor's of the plaintiff in ejectment after recovery therein, although there were only seperate demises by each." And 2 T. R., 246, is cited by Mr. Chitty to sustain this proposition.

In 8 Cow. R., 308, the foregoing rule has been examined at length, and the case upon which it is based is shown to be an exception to the general rule, growing out of the circumstances of that case.

The general rule is, that tenants in common must join in all personal actions concerning the common property; otherwise a multiplicity of suits might be brought for the same cause of action and against the same party. This would be against public policy.

No reason is apparent to make this case an exception to such rule. The judgment of the court of Common Pleas ought to be affirmed, and the other Judges concurring, it is affirmed.