Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 This is a writ -of error to the Circuit Court, of the United States, held in and for the District of Ohio by the district judge.
 

 The questions presented arise upon the record of judgment, no bill of exceptions having been taken to the rulings of the court at the trial. Ifls insisted that' the declaration is fatally defective, and the'judgment for that reason erroneous.
 

 The action is covenant, brought by Matthew Hobson against William McDonald, as administrator of Duncan McArthur, deceased.
 

 The declaration recites, that, on the 10th of November, 1810, a contract was entered into between the said Matthew and Duncan, providing'for the withdrawal of certain entries of land-
 
 *754
 
 warrants and relocation of the same ; that on the 26th of May, . 1830, Congress passed an act which enabled the parties, as holders and owners of these warrants, to relinquish the same, and receive their value in money; that the said Hobson and McArthur were each willing'to make such relinquishment, and to avail themselves of the provisions of the act, but that they had disagreed as to their respective rights under the contract of 1810; in consequence of which. disagreement, McArthur had commenced' a suit in chancery in the State of Ohio against Hobson, and had obtained an injunction restraining .him from receiving any of the moneys, under the act of Congress, until the matters in dispute should be settled; that both parties had, then become anxious that the money, or such part of it as must otherwise await the determination of the suit, should not remain useless, and therefore desired to put their differences on such a footing' as would make the fund available and profitable during the litigation, and, at the same time, without in any manner affecting the suit; that, in order to accomplish this, it had been agreed that Hobson snould assign and transfer .to McArthur all his interest in the said warrants, so as to enable him to receive the money from the government, out
 
 )f
 
 which he should, at once; pay over to Hobson the sum' of $>11,500, and retain the balance; and the said McArthur did then and there covenant .to and with the said Hobson, that if it should be adjudged and'determined in the suit in chancery that the latter was entitled to a greater portion of the money than the f11,500, directly or indirectly, then and in such case McArthur would pay to. him such further amount, with interest, at the Bank of Chilli-. Cothe. It was, at the same time, declared, that the covenant, should be held' to embrace any judgment or decree that might produce this result, whether rendered in the suit in chancery or in any other .suit, or before any. other tribunal, founded on the same subject-mátter. And the said Hobson, did also then and there covenant' to and with McArthur, that in case it should be adjudged and determined in the suit in chancery, or in any other tribunal^ that he was entitled to a less sum than the $ 11,500, then and in such casé he would refund to; Me Arthur the excess so received, with interest, at the Bánk-of Chillicothe.
 

 The declaration, then, after setting out the transfer of the interest of Hobson in the land-warrants to McArthur, and also the receipt of the sum of $ 57,608 from- the government by the latter, averred, that such proceedings were had in the suit in chancery, that it was removed into the' Circuit Court of the United States, and that such further proceedings were there had, that -it was finally heard and decided in the Supreme Court of the United States, at Washington, at the January term, 1842, to
 
 *755
 
 which the same had been carried by appeal, and such decree was then and there rendered, as adjudged and ordered, that Hobson recover against McArthur $166.83 for his costs, and that the cause be remanded to the Circuit Court, with directions to dismiss the bill without prejudice, — all which wás after-wards done at the, following July term of the Circuit Court accordingly.
 

 The plaintiff then avers, that, in virtue of the. decree aforesaid, he is well entitled to have and demand óf and from the defendant, as administrator as aforesaid, a greater portion of the said moneyá, so received by McArthur, than the sum-of $11,500, to wit, thé sum of $ 3,201, with interest from the 25th of September, 1830, the date of the articles of agreement, — of all which the defendant had notice.
 

 The usual breach js then set out, concluding to the damage of the plaintiff of $10,000.
 

 The defendant put, in a demurrer to the declaration, which was afterwards overruled by the court. He then- craved oyer of the articles of agreement,- and, after setting them out
 
 in hcec verba,
 
 plead, 1st,
 
 non est factum,
 
 and 2d, as to the decree,
 
 nul tiel record.
 
 Upon which issues were joined, and were found for the plaintiff, and the damages assessed at the sum of $5,833.30.
 

 The question presented for our decision is as to the sufficiency of the declaration after verdict,. and this depends upon the construction to be given to-the articles of agreement upon which the action is founded, and as set forth in the pleadings.
 

 The construction given by one pleader is, that the decree or order on the suit in chancery mentioned in the agreement, and upon which the right to any portion of the, fund in dispute, beyond the $11,500 already received is made to depend, need not determine either the right to any excess beyond that sum, or, if any, the amount of it;.but, on the contrary, either or both may be established by evidence independently of the proceedings in that or any other suit, and that the décree is material only as showing the suit to be at an end. Hence, after setting out the decree by which it appears that the bill of complaint had been dismissed with costs, the pleader proceeds to' aver, that, in virtue , of the decree, the said plaintiff is well entitled to have and demand of and from the defendant a greater portion of the said moneys, so received by the said McArthur, than the sum of $11,500, to wit, the sum of $ 3,201, with interest.
 

 This, it is said, is an averment of a matter of fact, and not of a conclusion of law; and that, after verdict, the court must presume that evidence, was given on the trial , to establish the right of the plaintiff to the amount recovered over and above
 
 *756
 
 the sum already received, and that, upon this ground, the judgment may well be sustained.
 

 This is the view of the case, as set forth in the declaration, and which was sought to be sustained in the argument; and, conceding it to present the true construction of the articles of agreement, —- though the averment is certainly informal , and illogical in the mode of stating it., as it is difficult to perceive how the right to the sum of money claimed, or to any sum, 'can result to the plaintiff, even as a matter of 'fact, in virtue of a decree dismissing a bill in chancery against him, — yet, with the usual intendments of the law in support of a judgment after verdict, it might,' perhaps, be deemed sufficient. The appellate court would presume that evidence had béen required and given, under the averment, at the trial, to support the claim to the amount recovered. 1 Saund. 228, n. 1; 1 Chit..Pl. 589; 1 Maule & Selw. 234; Doug. 68; 7 Wend. 396.
 

 But the court is of opinion, that the pleader has mistaken-altogether the true construction of the agreement in the particular mentioned, and has placed the right of action upon ground not warranted by any of-the stipulations of'the parties. This will be apparent, on recurring for a moment
 
 to'
 
 the agreement as set forth in the pleadings.
 

 The recitals show, that a dispute had arisen in respect to the division of a large sum of money coming from the government, in which the parties were jointly interested, and that a suit had been commenced by McArthur against Hobson, in chancery, enjoining him from receiving any part of it, until their rights had been judicially determined. -The effect of this proceeding was to tie up the fund in chancery, pending the litigation, and until the court could make a proper distribution. It was to remedy this inconvenience, and to enable, the parties .to possess .themselves of the fund, pending the controversy, that the agreement in question was entered into, and which was, in substance, as follows. McArthur was to receive the whole of the money from the government, and at once piay over to Hobson $11,500, retaining in his possession the residue;' and if, in the suit then pending,-it should be determined, dwectly or indirectly, that Hobson was entitled to . a larger amount for his share, then McArthur would pay such additional sum, with interest, at the Bank of Chillicothe ; and, on the other hand, if it should be determined that Hobson’s-portion of the fund was less than the sum already received, he would refund the excess, with interest, to McAr-thur, at the same place.
 

 The object of the parties was to procure the money irom the government, where it was lying idle, and, at .the same time, , to
 
 *757
 
 make a provisional distribution, without in any way interfering with the suit in chancery. • That was.to be carried on. for the purpose for which it was originally commenced; but as a provisional division had taken place, it became necessary to provide for a special decree, having reference to the changed situation of the fund, and, as the suit had become an amicable one, to provide, also, for the payment of any sum that , might be found due from either party. Hence the stipulation, that the decree should be made upon the basis of this provisional distribution and that the parties should pay over at once any balance that might be found due, without furthpr proceedings.
 

 The strongest proof exists, in the agreement itself, that the parties did not intend to interfere with the settlement of their differences by the suit in chancery, or by some other suit to be instituted for that purpose'; for the last article provides,, that this contract shall not be used by either, party in the suit pending, or in any other suit, or in any other court, or in any proceeding under the contract of 1810, as affecting or in any way changing the rights of either in the matters in dispute; but. that the suit - in chancery, or any suit which either might think proper to bring, shoúld bé conducted,' in all respects, as though this contract had not been entered into.-
 

 We think, therefore, it is clear, the parties intended that their respective rights to the common-fund in question should be settled and fixed by the chancery suit then pending, or by some other .legal proceeding that might be instituted for the purpose; and that, when so settled,, they would conform the provisional distribution already made to the decision, by, paying over at once the amount adjudged to be .due; for we have seen, that, instead of interfering with the suit whieh had been already commenced, great pains are taken to guard against any such consequence, and, as if apprehensive that their rights might not’be definitively, settled by that suit, provision is made for the institution of ány other, by either party, before the same or any other tribunal having cognizance of the Case.
 

 In á word, the whole amount of the agreement is, to provide, first, for a provisional distribution of the fund, So that the money might be used pending the litigation; secondly, for a judicial determination of the controversy in respect to it,, in some court of law or equity; and, thirdly, for the payment of any balance that might bé found due from either, at the Bank of Chillicothe.. •
 

 - This being, in our'judgment,, the legal effect of the .agreement, it is manifest that.the pleader has failed to comprehend it, and has therefore fáiled to set out any cause of action in
 
 *758
 
 the declaration. There is a total omission of any averment of the fact upon which the right of the plaintiff to any portion of the fund beyond the $ 11;500 is made to depend,, namely a judgment, order, or decree awarding to him the amount. There is not only an omission of any such averment, but, the contrary appears upon the face of the declaration, as the decree in the chancery, suit is set out, and its contents particularly described.
 

 It is a decree simply dismissing the bill of complaint, with costs. It may show that the defendant (now plaintiff) had. not received more than his share of the money in the division, otherwise the bill would not have been dismissed; but not that the defendant was entitled to more, unless the dismissal of a bill is evidence that something is due from the complainant to the defendant.
 

 Neither can we presume, e en after verdict, that evidence was given at the trial, by whi-.h it was made to appear that the decree did determine th?’ the amount which has been recovered in this su t was due from McArthur to the plaintiff; for this would be a presumption against the face of the record. That shows what decree was rendered, and any one of a different import would have been inadmissible under the pleadings.
 

 Besides,' there should have been an averment, not only that a decree was rendered in the suit in chancery, hut that the sum claimed had been-therein a.djudged to the plaintiff. This is made the foundation of the right to the money, and, of course, of the action, by the agreement; and the omission is fatal to the judgment.
 

 It is the case- of a total omission- to state any title or cause of action in the declaration, — a defect -which the verdict will not cure, either at common law or by statute. Doug. 683; Cowp. 826; 1 Johns. 453; 2ib. 557; 17 ib. 439.
 

 The. averment, that, in virtue of the decree, the plaintiff was well entitled to recover, &c., is insufficient, either as matter of law or of fact. As matter of law, it was given up in the argument, ás no such legal consequence could follow from the premises stated ; and, as matter of fact, the averment is in contradiction to the record itself. That shows, that the decree determined nothing in favor of the plaintiff; it dismissed the bill against him with costs, and nothing more.
 

 Some weight was given,- in the argument, to the peculiar phraseology of the covenant, oh the part of McArthur, wherein it is provided,' that, if it should be determined in the chancery suit, that the plaintiff was entitled to any greater portion of the money, directly or indirectly, than the $ 11,500, then, and
 
 *759
 
 in that case, he would pay, &c. The object of using the words,
 
 directly
 
 or indirectly, in the connection found, is, perhaps, at best, but matter of conjecture. 'But as the chancery suit was against Hobson, for the purpose of asserting claims and demands against' him by the complainant, it was, according to the rules of chancery, an inappropriate proceeding for the purpose of asserting, claims on the part of the defendant against the complainant.- These would have required a cross-bill. But as the suit had-become. an amicable one, if was provided that the claims of both parties might be settled therein, notwithstanding the irregularity of the proceeding, and hence the use of the peculiar phraseology referred to.
 

 This explanation receives some confirmation from the covenant, on the part of. Hobson, with McArthur. These words are there omitted. The suit was appropriate to. enforce any claim ágainst him.
 

 It was said, also, and some stress laid upon the remark, that the agreement would not have provided for the voluntary payment of the balance' that might be due from pne to the other, ’ if it had contemplated an adjustment of the particular, amount by the suit in chancery, as, in that event, the payment -could be enforced by the decree.
 

 ' But we think this consideration leads to an opposite conclu- ' sion. How could the payment be made at the bank, as provided, unless the amount.in dispute was.first adjusted.
 

 There was no dispute about the payment, except as respected the amount. That being determined, each party was ready- to satisfy it. Bésides, it. is difficult to believe, that, in -providing so specially for the settlement of the controversy by judicial proceedings, the parties had in view simply the determination of the question whether the one or the other had received more of the . fund than his share, without regard , to the amount. Such a decision would have been idle, as it could lead to no practical result in the settlement of their differences. ..
 

 Upon the whole, for the reasons stated, - we think the judgment below erroneous^ and should be reversed, and the cause remanded to the court below for further proceedings.
 

 Mr.-Justice WAYNE, being indisposed, did not sit in-this cause.
 

 ■ Mr. Justice WOODBURY dissented.
 

 Order.
 

 This pause came • on to be heard on the transcript of the record from the Circuit Court ■ of the United States- for the
 
 *760
 
 District of Ohio, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit. Court in this cause be, and the same is hereby, reversed,, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, for further proceedings to be had therein, in conformity to the opinion of this court.