By the Court. Sandford, J.
It is contended, that the statute, relative to opening streets in this city, does not confer upon the commissioners of estimate and assessment, the power to asses an occupant of lands supposed to be benefited by the improvement; or if it do, then that the assessment cannot be made on both the owner and occupant.
The first position is maintained on the omission of the word “occupant,” in the one hundred and seventy-eighth section, which regulates the proceedings of the commissioners ; and on the argument that unless they be lessees for long terms, occupants cannot in the nature of things, derive much benefit from a street opening.
The argument from the degree of benefit, is quite as strong, against the propriety of assessing occupants for the expense of constructing sewers, and pitching and paving streets under the one hundred and seventy-fifth section; and against the second *509 assessment which the corporation, by section one hundred and eighty-five, may make on opening streets; (in both of which they are named;) as it is against assessing them by the commissioners of estimate and assessment.
On examining the one hundred and seventy-eighth section with much care, we are satisfied that the plaintiffs’ construction is erroneous in both of the positions assumed. The assessment for benefit, is to be made upon “ the owner or owners, lessee or lessees, parties and persons respectively, who may be interested in or entitled unto the lands” benefited and lying within the apparent limits. The same language, substantially, is used in respect of lands of which a part is taken for the street, and the residue is benefited more than the value of such part.
The section, both in respect of assessments for benefit and awards for damage, includes every possible interest in the lands benefited, and in those taken for the public use. An occupant is a person '• interested in” the lands which he possesses.
In every case where the respective estates and interests of the owners and parties interested are unknown or not fully known to the commissioners, the section permits them to assess upon the “ owners and proprietors generally of such lands and parties interested therein the sum to be allowed and paid by them in respect of the whole estate and interest of all persons in the respective parcels assessed, without specifying the estates or interests of any of the persons so assessed. The sum is to be assessed upon the owners and persons interested; not upon either alone to the exclusion of the other.
In this case, the commissioners described minutely the parcel assessed for benefit, stated that it was owned by Isaac Adriance, and was occupied by Gilbert, Prentiss and Tuttle, (the present plaintiffs,) and they assessed upon it one hundred and twenty-three dollars.
This we consider a sufficient assessment not only of the lot, but of Adriance as owner, and of the plaintiffs as occupants or parties interested. The commissioners were public officers, and we are bound to assume from their assessing the owner and occupant jointly for the entire sum, that they did not fully know the respective estates and interests of the parties.
*510 The assessment was therefore valid, and on being confirmed, became a lien upon the lot assessed, and the owner and occupant and each of them, by section one hundred and eighty-sixi became liable to pay the same. If it were not paid on demand, the corporation could collect it by a warrant against the goods of the owner or occupant.
It remains to consider the several objections made to the warrant, under which the collector seized the plaintiffs’ goods.
1. It is said the statute does not authorize the corporation to appoint any person collector, with authority to levy the assessment on the goods of the party assessed. We decided that there was no force in this objection, in the recent case of Wetmore v. Campbell, which arose on the collection of a sewer assessment by warrant. The same point was decided by the late supreme court, upon a statute precisely like the one in question. (Trustees of Rochester v. Symonds, 7 Wend. 392, 395.)
2. The warrant, it is said, is void, because it directs the collection to be made of persons who may be occupying the premises, as well as of those assessed by name. We held in Wetmore v. Campbell, that the warrant could not be levied upon the goods of occupants who had not been assessed by name; but the insertion of this direction in the warrant, does not prejudice those against whom it is properly issued. As to all others, the officer is bound to disregard it; and if disregarded, it will hurt no one. If it were obeyed by the officer, the persons actually assessed, could sustain no injury. An idea was suggested, on the argument, that the warrant directed the over-plus to be returned to one person, when it might have been made by a sale of the goods of another; but this is wholly un founded. The collector is commanded to return any overplus, to the “ persons so assessed,” being the persons upon whom he is to levy the assessment. If he levy upon the occupant, he must return the overplus to him; and payment to the owner assessed, would not discharge the collector.
3. It is insisted that the warrant is void on its face, and does not protect even the officer, because it shows no jurisdiction or authority to issue it.
This is clearly erroneous. The statute conferred jurisdiction *511 upon the mayor and four aldermen, to issue such a warrant as this, for an unpaid assessment imposed on widening a street; and the fact that there was such an assessment, and that payment had been refused, is set forth in the warrant. (Savacool v. Boughton, 5 Wend. 170 ; Trustees of Rochester v. Symonds, before cited.) It shows-that a legal and valid charge has been created, and by what tribunal or authority.
4. The only difficulty of a serious nature, remains to be considered. The warrant does not set forth that the charge was made upon or against the plaintiffs. So far as the warrant is stated in the pleadings, it contains no reference to the premises assessed, nor does it state what persons were assessed. In the suit against the collector, it is expressly alleged that the plaintiffs’ names were not mentioned in the list or return annexed to the warrant; so that there is no room for inference, by connecting the warrant with the valid assessment, if inference could be legitimately resorted to in its support.
In the suit against the mayor and aldermen, the warrant itself is set forth, containing a reference to a list annexed; but the list is not set forth, and it does not appear that the plaintiffs were named in the list.
This is a fatal defect in the warrant; and although it is unfortunate that the plaintiffs should thus recover back a valid assessment, which they were liable to pay, and for which a warrant was issuable; they cannot be subjected to pay it by a process which does not refer to them either by name or by a sufficient description.
Besides the matters contained in the warrant set forth in these pleadings, it should state when the assessment was confirmed by the supreme court, the names of the persons assessed, both owners and occupants, who have neglected to make payment, the premises assessed (by some brief but .intelligible description,) and the amount of the assessment. There may be other matters necessary to be stated, to which our attention has not been directed. Those enumerated, we are confident ought to be inserted in the warrant itself, or in the schedule forming a part of it. The warrant should contain all the facts necessary to show *512 that the person upon whose goods it was levied, is liable to pay the sum claimed from him.
Judgment for the plaintiffs.