# O'Neal v. Simonton.

*Action for Trespass on Land.*

1. *Action for trespass on land; sufficiency of complaint.*—In an action
for trespass on land, the complaint is sufficient to sustain a judgment
in favor of the plaintiff where it alleges that the land belonged to him,
though it does not allege that he was in possession.

2. *Motion in arrest of judgment; when should not be granted.*—In an
action for trespass to land, where the complaint is sufficient to sup-
port a judgment, a motion in arrest of judgment, after verdict,
should not be granted, though the complaint may have been subject
to demurrer.

    APPEAL from the Circuit Court of Henry.
    Tried before the Hon. J. M. CARMICHAEL.
    This action was brought by R. F. Simonton against
W. C. O'Neal.   The complaint was as follows:   "The
plaintiff claims of the defendant five hundred dollars
damages for a trespass by the defendant on the follow-
ing tract of land, to-wit: [here follows   a discription
of the land] ; said land belonging to the plaintiff, and
being that portion of said lot above described which was
taken possession of by defendant on, to-wit, the 23rd
day of March, 1894, and for tearing down and removing
therefrom a frame building and 25 pannels of plank fence,
and trampling down and pulling up vegetables growing
on said land and belonging to plaintiff, which said tres-
pass was committed by the defendant on, to-wit, the
23rd day of March, 1894, and for which the plaintiff
prays damages in the sum of, to-wit, five hundred dol-

lars.'' The defendant pleaded "not guilty," and judgment was rendered on a verdict in favor of the plaintiff. The defendant moved the court to arrest the judgment, on the grounds, (1.) that the complaint fails to set forth and contain a substantial cause of action; and (2) because the complaint fails to allege that the plaintiff was in possession of the property described in the complaint at the time of the alleged trespass complained of. The court overruled this motion.

The defendant appeals, and assigns as error the rendition of the judgment in favor of the plaintiff, and the refusal to grant the motion in arrest of judgment.

H. L. MARTIN, and ESPY & FARMER, for appellant.— The complaint does not contain a substantial cause of action because it does not allege that the plaintiff was possession of the land at the time the alleged trespass was committed. *Duncan v. Pates*, 5 Stew. & Porter, 182; *Boswell v. Carlisle*, 70 Ala. 244. Defendant's remedy was a motion in arrest of judgment. 2 Brick. Dig. p. 360, §§ 489, 490.

A. E. PACE, *contra*, cited *Hays v. Soloman*, 90 Ala. 520.

COLEMAN, J.—The appellee, Simonton, sued to recover damages for trespass to reality. After verdict for plaintiff, the defendant moved in arrest of judgment, that "the complaint failed to set forth and contain a substantial cause of action, in that it failed to allege the plaintiff was in possession of the property at the time of the alleged trespass." According to the form prescribed by statue tor trespass to land, it is only necessary to aver that the land belonged to the plaintiff. If the plaintiff does not rely upon ownership, but possession merely, to sustain the action, the averment of possession is neccessary and will be sufficient as a complaint. Code of 1886, p. 795. The complaint is sufficient to support a judgment, and when this is the case, a motion in arrest of judgment after verdict will not be granted, although the complaint may have been subject to demurrer properly filed.

Affirmed.