ELMO LUMERATE et al., Respondents, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

#### Springfield Court of Appeals, July 7, 1910.

1. **PARTIES: Tenants in Common: Injury to Real Estate.** The rule has always been in this State that for all injuries to the realty and claims for occupation of the realty, tenants in common must join in the action.

2. ——: ——: **Personal Actions.** Tenants in common must join in all personal actions concerning the common property, otherwise a multiplicity of suits might be brought for the same cause of action and against the same party.

3. **ACTIONS: Assignments: Injury to Real Estate: Deed Does Not Convey Right of Action for Prior Injury to Property.** Where a tract of land has been damaged by reason of the taking by a railroad company of a strip thereof for a right of way, a subsequent conveyance of an interest in the real estate does not assign the owners right of action for damages.

4. **RAILROADS: Taking Land for Right of Way.** In a suit against a railroad company for damages for taking a strip of land for a right of way, defendant claimed that it already had a hundred feet of right of way south of the strip of land plaintiff claimed it had taken and that it could not lawfully take more. *Held*, that there was no merit in this defense, the question being had defendant wrongfully taken the plaintiff's land.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Moses Whybark* for appellant.

(1)   A railroad may take less than one hundred feet for a right of way but not more.   R. S. 1899, sec. 1035; Railroad v. Railroad, 135 Mo. 549; Leisse v. Railroad, 72 Mo. 561, 2 Mo. App. 105; Railroad v. Railroad, 138 Mo. 598; Sugar Co. v. Elevator Co., 82 Mo. 121; St. Louis v. Gleason, 93 Mo. 33.   (2)   It is self-evident under the facts in this case that the defendant could not acquire title to the property by estoppel, since it had one hundred feet, and had no authority in law to hold more.   Railroad v. Railroad, 135 Mo. 557; Scarritt v. Railroad, 148 Mo. 682; 2 Lewis on Eminent Domain (2 Ed.), 1406; Provolt v. Railroad, 57 Mo. 256; McClellan v. Railroad, 103 Mo. 295; Hargis v. Railroad, 100 Mo. 210; Scarritt v. Railroad, 127 Mo. 298; Gray v. Railroad, 81 Mo. 126; Childs v. Railroad, 117 Mo. 414; Railroad v. Railroad, 222 Mo. 461; Unionville v. Martin, 95 Mo. App. 28; Kansas City v. Murkey, 176 Mo. 229; Hempstead v. Easton, 33 Mo. 142; Schenck v. Stumpf, 6 Mo. App. 381; Henry v. Woods, 77 Mo. 277. (3) The court erred in refusing instruction No. 3 asked for by defendant. The evidence showed conclusively that Anna Blythe was entitled to an interest in the   land. Muldrow v. Railroad, 62 Mo. App. 431; R. S. 1899, secs. 542, 544; State ex rel. v. Beasley, 57 Mo. App. 574; State ex rel. v. True, 25 Mo. App. 451; Little v. Harrington, 71 Mo. 390; Turner v. Railroad, 130 Mo. App. 535.

*Ward & Collins* for respondent.

(1)   It is not a question of "whether the company legally obtained a right of way of any greater width than 100 feet at a point where defendant's right of way is located."   These actions are founded upon an illegal taking of the plaintiff's land; plaintiff, if not estopped, could either sue in ejectment or waive that and sue for damages, as in this case.   Dodd v. Railroad, 108 Mo. 585; McReynolds v. Railroad, 110 Mo. 484; Webster v.

Railroad, 116 Mo. 118; Doyle v. Railroad, 113 Mo. 280. (2) Defendant cannot appropriate 43 feet of plaintiff's land to its own use and when sued therefor, escape liability by pleading that they had 100 feet besides this. Hubert v. Railroad, 63 Mo. 71; Baker v. Railroad, 57 Mo. 274. (3) Section 544, R. S. 1899, providing that parties united in interest with the plaintiff and refusing to join in the suit, may be made defendants, does not apply to a case in which the plaintiff may sue for and recover his interest, independent of another party who has a like interest. State ex rel. v. Bradley, 193 Mo. 44; McNear v. Williamson, 166 Mo. 369; State ex rel. v. Beasley, 57 Mo. App. 570; 15 Ency. Pl. & Pr. 658 and 735; 22 Ency. Pl. & Pr. 100; 16 Cyc. 184.

GRAY, J.—This is an action brought in the circuit court of Pemiscot county, on the 14th day of May, 1908, to recover damages resulting to the plaintiff, Elmo Lumerate, by reason of defendant appropriating a strip of land forty-three feet wide and a half mile long, for right of way purposes, over and across the land claimed by plaintiff.

The petition alleges that defendant is and was at all times mentioned, a corporation organized and existing under the laws of Missouri; that the plaintiff, the Union Savings Bank, is and was at all said times a corporation; that the plaintiff, Lee W. Rood, is the trustee in a certain deed of trust, executed to him to the land in question, to secure to the said Savings Bank, the payment of a note; that while plaintiff Lumerate was the owner and in the possession of forty acres of land described as the north part of the northwest quarter of section 31, township 18, range 13, in Pemiscot county, Missouri, the defendant wrongfully and without leave or license, entered upon said lands and wrongfully converted a strip forty-three feet wide and a half mile long over and across said land for

149 App—4

the purpose of a right of way, and since the last above mentioned date, defendant has wrongfully occupied and held said land, and is operating its engine and cars over the same; that the land so taken was of the value of $150 per acre, and the remaining part of the tract damaged by reason of said appropriation in the sum of five hundred dollars.

The answer, in addition to a general denial, alleges that one Anna Blythe has an interest in the property sued for which she derived by inheritance from her deceased sisters, and that she should be made a party to the suit. There is some uncertainty as to when this answer was filed. The abstract of the record states that it was filed on August 31, 1908. The abstract of the record and bill of exceptions show that the case was tried July 28, 1909, and the bill of exceptions further shows that during the trial and upon the discovery of the fact that Anna Blythe had an interest in the property, the defendant asked leave, and was granted permission to file an amended answer. The plaintiff made no objection to the action of the court permitting the amendment.

The evidence discloses that the land on the 26th day of February, 1892, was owned by Charles W. Lumerate, Hugh C. Lumerate, John L. Lumerate, and the plaintiff Lumerate, as tenants in common, each owning an undivided one-fourth, and all of them children of John B. Lumerate and Ravella Lumerate. Ravella Lumerate died and John L. afterwards married. The plaintiff's brother, John B., died when he was four years of age, and his part of the property passed to his brothers and to his father. Plaintiff's father married Lula Kestner, who was a widow, and at the time of the marriage, had a living child by a former marriage. There were two children born of the marriage between plaintiff's father and Lula Kestner, but both of these children died when very young. Charles Lumerate, plaintiff's brother, died after his father married the second time, but before any

children were born, and hence, his interest in the land passed to the plaintiff and his brother, Hugh C. Lumerate, and his father. Hugh C. Lumerate died single and unmarried, but not until after his father's second marriage, and a child was born of that marriage, and therefore his interest in the land passed to his brother, his father and his half-brother by his father's second marriage. The two children born of the second marriage of the plaintiff's father, were named Clarence and Liney. Clarence died before his father, and the girl, Liney, afterwards. Plaintiff's father died, and of course what interest he had in the land passed to this plaintiff and the child, Liney, of the second marriage. Plaintiff's half brother, Clarence, died before his father did, but it is not shown when he died with reference to the death of Hugh C. Lumerate. Anna Blythe is a half sister of Clarence and Liney, the children of the second marriage, and inherited from them an interest in the property.

At the time the railroad was built, the father of plaintiff was living upon the property with his second wife and plaintiff and his brothers.

The appellant offered testimony tending to prove that the strip of land occupied by the right of way of the railroad was not taken from the land belonging to plaintiff and his co-owners, but it belonged to an adjoining tract. The evidence upon this point was conflicting and was for the trial court.

The appellant also urges that under the law it had no right to acquire a strip for right of way purposes in excess of 100 feet in width, and as it acquired that much on an adjoining tract, it could not take and use the land of the respondents. We fail to see any force in this contention. It is not a question of what the defendant could legally take under the law, but has it wrongfully taken the respondent's land?

The plaintiff was not the absolute owner of the land, but Anna Blythe had an interest with him as tenant in common. The rule has always been

in this State that for all injuries to the realty and claims for the occupation of the realty, tenants in common must join. [Lane v. Dobyns, 11 Mo. 105; Butler v. Boynton, 117 Mo. App. 462, 94 S. W. 723; Van Hoosier v. Railroad Co., 70 Mo. 145; Muldrow v. Railroad, 62 Mo. App. 431; Eastin v. Joyce, 85 Mo. App. 433.]

The reason for requiring tenants in common to join, is stated in Lane v. Dobyns, supra, as follows: "The general rule is that tenants in common must join in all personal actions concerning the common property. Otherwise a multiplicity of suits might be brought for the same cause of action and against the same party. This would be against public policy."

The evidence shows that plaintiff's step-mother acquired an interest in this property by inheritance after the construction of the road; that in 1899 she deeded her interest to the plaintiff. The damages, if any, to the balance of the tract, by reason of taking the strip for the right of way purposes, had been sustained when this deed was made, and the plaintiff, by acquiring her interest, did not succeed to her cause of action for damages she had sustained. [Turner v. Railroad, 130 Mo. App. 535, 109 S. W. 101; Roberts v. Railroad, 158 U. S. 1.]

The judgment will be reversed and the cause remanded with permission given to amend the petition so as to make the proper parties plaintiffs, and in the event they should refuse to join as such, they may be made defendants in the manner authorized by statute. All concur.