COCHRAN et al. v. BRANNAN et al.

(District Court, S. D. Alabama. March 2, 1912.)

No. 1,362.

1. TENANCY IN COMMON (§ 55*)—TRESPASS (§ 43*)—ACTION FOR TRESPASS TO LAND—PARTIES PLAINTIFF—TENANTS IN COMMON.

In an action for trespass to lands owned in common, all the tenants in common must join; and, when a complaint alleges ownership in plaintiffs, proof of ownership in common by them and another not a party constitutes a fatal variance.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 140–156; Dec. Dig. § 55;* Trespass, Cent. Dig. §§ 102–111; Dec. Dig. § 43.*]

2. PARTIES (§ 80*)—NONJOINDER OF PARTY PLAINTIFF—MODE OF TAKING OB-
JECTION.
A defendant may avail himself of the nonjoinder of a necessary party
plaintiff under a plea of the general issue.
[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 123–131; Dec.
Dig. § 80.*]

3. TRESPASS (§ 40*)—POSSESSION—NECESSITY OF PLEADING.
In an action for trespass to land, when the plaintiff relies on posses-
sion to sustain the action, he must allege in the complaint that he was
in possession when the trespass was committed.
[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 80–88; Dec.
Dig. § 40.*]

At Law. Action by Henry Gale Cochran, Hallie May Shelton,
and Julia Sophia Abbey against Lewis I. Brannan and Henry W.
Snow. On motion by plaintiffs to set aside nonsuit taken by them on
the trial to reinstate the cause and for a new trial. Motion denied.

Rich & Hamilton, of Mobile, Ala., for plaintiffs.
L. H. & E. W. Faith, of Mobile, Ala., for defendants.

TOULMIN, District Judge (orally). The ground of the motion is,
in substance, that the court in the course of the trial erred in a certain
ruling which was adverse to plaintiffs' right to recover, and because
of such ruling plaintiffs took a nonsuit with a bill of exceptions.

The plaintiffs claimed in the suit damages for an alleged trespass
by defendants on certain lands described in the first and second counts
of the complaint, alleging that they were the owners of said lands.
In an amendment to the complaint, which is designated as count 3,
plaintiffs allege that an undivided one-half interest in said lands be-
longed to them, and further alleged that one Mary Henry claimed
the other undivided one-half interest, under the same title that plain-
tiffs owned title to their undivided one-half interest, and so claimed
the same on the 20th day of March, 1911, and subsequent thereto un-
til the commencement of this suit; that before said 20th of March,
1911, one Amelia Frolichstein recovered in an ejectment suit against
said Mary Henry in the circuit court of Mobile county the undivided
one-half interest claimed by said Henry on a rival title to that under
which plaintiffs and said Mary Henry claimed.

The defendants pleaded to the original complaint, and to the com-
plaint as amended, pleas Nos. 1 and 2, which are as follows:

"First. The general issue.
"Second. For further plea these defendants say that on, to wit, the 10th
day of March, 1911, they purchased from Amelia Frolichstein for the consid-
eration of eleven thousand dollars cash paid to her, and received from her a
deed of conveyance conveying to them, under covenants of warranty of title,
all the pine timber, both down and standing, upon the said lands described
in the complaint, except the standing timber under seven inches in diameter
at the ground, but were given and granted the right to turpentine all of said
timber without reference to size, and the right to use and occupy said lands
for the purpose of cutting said timber and turpentining purposes. And they
aver that the said Amelia Frolichstein was then, at the time of the making of
the said conveyance to the defendants, in the actual possession of the said
lands, and owned the same in fee, and that these defendants entered into

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

possession of said lands and the pine timber thereon under their said purchase and the deed of conveyance executed to them as aforesaid. And this they are ready to verify."

Plaintiffs introduced evidence tending to show title to the land described in the complaint in one S. G. Cochran, deceased, that they were the legal heirs of said Cochran, and claimed said land by inheritance from him. In the first and second counts of the complaint plaintiffs claimed to own the whole title to the land described therein. By the amendment they claimed to own only an undivided one-half interest in the same. Plaintiffs then introduced a transcript of the record in the circuit court of Mobile county, Ala., of an action of ejectment by Amelia Frolichstein against Mary Henry for the land described in the complaint, in which said Frolichstein recovered judgment against said Henry, adjudging the former the owner of said land, and authorizing a writ of possession therefor, which it appeared had been duly executed, and said Frolichstein put in possession. The plaintiffs' counsel then announced that he had introduced all of his evidence so far as the same related to their title, that he had no more evidence to offer on that point, and also stated to the court that plaintiffs claimed no right, title, or interest in said land under or through said Frolichstein, whereupon counsel for defendants moved the court to exclude the plaintiffs' evidence and to direct a verdict for the defendants.

This motion was based on two grounds: First, of a variance between the allegations of the complaint and the evidence of plaintiffs in support of it, in that the complaint alleges that the land in question was owned by the plaintiffs, and by their evidence they had shown that at the time this suit was brought a court of competent jurisdiction had adjudged said Amelia Frolichstein to be the owner, thereby establishing not only the variance claimed, but sustaining two of the defendants' pleas, namely, that Amelia Frolichstein was the owner and in possession of the land before and at the time the suit was brought; and, second, that plaintiffs had claimed by the amendment to their complaint that they were the owners of only an undivided one-half interest in said land, and that there was an owner of the other undivided one-half interest at the time of the alleged trespass and at the time this suit was brought, which said joint owner had not been made a party plaintiff in the suit. On these grounds, as the court was advised and understood them, it announced that it would grant the defendants' motion, and would direct a verdict for defendants, as requested. Thereupon the plaintiffs' counsel stated that, while he had produced all his evidence as to title, he had expected to prove possession by the plaintiffs. The answer to the proposition to prove possession by the plaintiffs was that they had relied upon ownership alone to sustain their action. They had not alleged in their complaint that they were in possession of the land when the alleged trespass was committed. Moreover, it had been shown in connection with the plaintiffs' evidence that Amelia Frolichstein was in possession of the land at the time of the alleged trespass. The counsel for plaintiffs thereupon stated that, in view of the ruling of the court and

of its announcement that it would grant defendants' motion to direct a verdict, he would take a nonsuit, with a bill of exceptions.

[1] My opinion·is that there was a fatal variance between the allegations of the complaint and proof as to the title to the land in question at the time of the alleged trespass and the time this suit was commenced. Where a trespass is committed to realty held in common or by joint tenancy, there must be a joinder of the tenants in an action founded on such trespass. 21 Encyc. Pl. & Pr. p. 805, and authorities cited in note. Tenants in common of lands must unite as plaintiffs in one action for an injury thereto. 15 Encyc. Pl. & Pr. pp. 544, 545. When the legal interest in a cause of action ex delicto is joint, residing in several persons, all who are living must join in the action founded on it. One or more of the parties may use the name of all in the commencement and prosecution of the action. Harris v. Swanson & Bro., 62 Ala. 299.

[2] A defendant may avail himself of the nonjoinder of a necessary party plaintiff under the plea of the general issue. Bolton v. Cuthbert, 132 Ala. 405, 31 South. 358, 90 Am. St. Rep. 914.

[3] In an action of trespass to land, when the party plaintiff relies upon possession to sustain the action, he must allege in the complaint that he was in possession when the alleged trespass was committed. O'Neal v. Simonton, 109 Ala. 167, 19 South. 412; Marlowe v. Rogers, 102 Ala. 510, 14 South. 790. If he relies upon possession, averment of possession is necessary. O'Neal v. Simonton, supra.

The motion to set aside the nonsuit and grant a new trial is denied.