### SLIGO FURNACE CO. v. DALTON.

(Circuit Court of Appeals, Eighth Circuit.  January 15, 1919.)

#### No. 4756.

1. TENANCY IN COMMON ⬤☞55(3)—TITLE TO SUPPORT ACTION.
    An action at law may not be maintained by one tenant in common for trespass on realty.

2. PLEADING ⬤☞418(2)—DEMURRER—WAIVER BY PLEADING TO MERITS.
    Under the law of Missouri, pleading over after overruling of a demurrer to the petition is not a waiver of the point made by the demurrer that the petition does not state a cause of action.

3. COURTS ⬤☞339—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE.
    Federal courts are not required by the conformity statute (Rev. St. § 914 [Comp. St. 1916, § 1537]) to follow the rules of practice of the state courts, if in conflict with the well-settled rules of the national courts.

4. PLEADING ⬤☞433(5)—DEFECTIVE PLEADING—AIDER BY VERDICT.
    A petition which states no cause of action is not cured by verdict.

5. PLEADING ⬤☞418(1)—DEMURRER—WAIVER BY PLEADING OVER.
    Where exception is reserved to the overruling of a demurrer, although the party answers over, the question whether the demurrer was properly overruled is open on writ of error to the final judgment.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action at law by Richard P. Dalton against the Sligo Furnace Company. Judgment for plaintiff, and defendant brings error. Reversed.

This was an action of trespass for willfully cutting timber on the lands of the defendant in error, asking treble damages under the statutes of the state of Missouri. For convenience the parties will be referred to as they were in the court below—the defendant in error as the plaintiff, and the plaintiff in error as the defendant. It appears from the petition that the plaintiff was a tenant in common, owning an undivided half interest in the lands on which the trespass is alleged to have been committed.

The defendant filed a demurrer to the petition, upon the grounds that there was a misjoinder of parties and that the petition failed to state a cause of action in the plaintiff. The demurrer was by the court overruled, and thereupon an answer was filed, in which the fact that the plaintiff was only a tenant in common, owning an undivided interest, was pleaded as a defense. At the close of the evidence the defendant asked for a peremptory instruction upon several grounds, among them that the plaintiff cannot maintain the action, as he was only a tenant in common with others, not parties to the action. The motion was by the court denied. Proper exceptions were saved to the over-

⬤☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ruling of the demurrer to the petition, as well as the refusal to direct a verdict in favor of the defendant. A verdict was returned in favor of the plaintiff, and this writ of error is prosecuted by the defendant.

William R. Gentry, of St. Louis, Mo. (M. F. Watts and Edwin W. Lee, both of St. Louis, Mo., and William R. Edgar, Sr., and William R. Edgar. Jr., both of Irontown, Mo., on the brief), for plaintiff in error.

Vance J. Higgs, of St. Louis, Mo., for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). [1, 2] That an action at law may not be maintained by one tenant in common for a trespass on realty is well settled. 15 Enc. Pl. & Pr. 544; 21 Enc. Pl. & Pr. 805, 1 Corp. Juris, 1120; 1 Rul. Case Law, 342; Cochran v. Brannan (D. C.) 196 Fed. 219, 222. And this rule prevails in the state of Missouri. Muldrow v. Railway Co., 62 Mo. App. 431; Lumerate v. Railroad Co., 149 Mo. App. 47, 130 S. W. 448. In fact this rule of law is not seriously questioned by the learned counsel for defendant in error. But it is claimed that it is the settled rule of law of the state of Missouri, as determined by the highest court of that state, that when a defendant answers, after a demurrer to the petition has been overruled, the demurrer is waived. And it is claimed that under the Conformity Act (section 914, Rev. St. [Comp. St. § 1537]), the national courts are bound to follow the decisions of the highest court of the state. A careful examination of the decisions of the courts of Missouri does not sustain the contention of counsel, when the demurrer to the petition is upon the ground that no cause of action is stated. Paddock v. Somes, 102 Mo. 230, 235, 14 S. W. 746, 748 (10 L. R. A. 254). In that case the court held:

"If a defendant pleads to the merits, he waives everything in the petition but two points: First, that the petition does not state facts sufficient to state a cause of action; second, that the court has no jurisdiction over the subject-matter of the action."

This has been reaffirmed in many cases. White v. St. Louis & M. R. R. R. Co., 202 Mo. 554, 561, 101 S. W. 14, and authorities there cited. A petition or complaint, showing that the plaintiff has no right to maintain the suit, clearly fails to state a cause of action.

[3] But aside from this, even if the highest court of the state of Missouri should have held that pleading over after the demurrer is overruled, is a waiver thereof, the national courts would not be bound by it, under section 914, Rev. St. That statute only requires the national courts to conform "as near as may be to the practice, pleadings and forms, and modes of proceeding existing at the time in like causes in the courts of record of the state within which such courts are held." In City of St. Charles v. Stookey, 154 Fed. 772, 778, 85 C. C. A. 494, this question was fully discussed by this court, and it was held that rules of practice of the state courts are not to be followed by the national courts, if in conflict with the well-settled rules prevailing in the national courts. Indianapolis, etc., R. R. Co. v. Horst, 93 U. S. 291, 300, 23 L. Ed. 898; Mexican Central Ry. v. Pinkney, 149 U. S. 194,

200, 13 Sup. Ct. 859, 37 L. Ed. 699; Boatmen's Bank v. Trower Bros. Co., 181 Fed. 804, 104 C. C. A. 314.

[4] It is the well-settled rule of the national courts, as established by the Supreme Court, that only such pleas are cured by verdict, which although they would be bad on demurrer, because wrong in form, yet still contain enough of substance to put in issue all the material parts of the declaration. Garland v. Davis, 45 U. S. (4 How.) 131, 11 L. Ed. 907. But a verdict will not cure a petition which states no cause of action, and which, therefore, could be taken advantage of by motion in arrest of judgment. McDonald v. Hobson, 48 U. S. (7 How.) 745, 12 L. Ed. 897.

[5] By reserving an exception to the overruling of a demurrer, although answering over, the question, whether the demurrer was rightly overruled, is open on writ of error on the final judgment. Teal v. Walker, 111 U. S. 242, 4 Sup. Ct. 420, 28 L. Ed. 415; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942.

The facts in this case show how great an injustice would be inflicted upon a party, if the rule of practice contended for on behalf of the plaintiff would be the law. The plaintiff in his declaration claimed the value of the timber cut to be $5,000, and that his undivided half interest is worth $2,500, and he asked judgment for $7,500, treble the amount of the alleged value of his interest in the timber cut. The verdict of the jury found the value of his interest to be $300, and final judgment was rendered for $900. Had the defendant rested on its demurrer to the petition, judgment by default would have been rendered against it for $7,500. The law does not thus intend to punish a litigant, even if he erroneously invokes the judgment of the court on the legal sufficiency of a petition.

The court below erred in overruling the demurrer to the petition, and also in refusing to direct a verdict in favor of the defendant, upon the ground that the plaintiff, being the owner of an undivided interest in the land only, could not maintain this action.

The cause is reversed, with directions to set aside the verdict and proceed in conformity with this opinion.