## BOOGHER v. INSURANCE COMPANY.

1. *Quære,* Does the act of June 1, 1872, c. 255 (17 Stat. 196; Rev. Stat., sect. 914), authorize the review here of an action at law, wherein, pursuant to the practice of the courts of the State in which the Circuit Court was held, the facts were found by a referee.

2. Sect. 700 of the Revised Statutes is the only enactment providing for the review here of a civil cause where an issue of fact has been tried in the Circuit Court otherwise than by a jury.

3. The Practice Act of Missouri declares that an issue of fact in any action may, upon the written consent of the parties, be referred. Where, therefore, the record states that, after a case was called for trial and a jury sworn to try the issue joined, a juror was, by " consent of parties," withdrawn and the case referred to A., this court must assume that such consent, as well as that to waive a jury, was in writing.

4. In order to give this court jurisdiction to determine whether the facts found by the referee, and confirmed by the court below, are sufficient to support the judgment, they must be treated as the finding of the court. Otherwise, there has not been such a judicial determination of them as to make them conclusive here.

5. The ruling that where any portion of the charge to the jury is correct, an exception to the entire charge will not be sustained, reaffirmed, and held to be applicable to a general exception taken to the report of a referee.

6. A bond executed Dec. 22, 1871, to an insurance company by B., its agent, and conditioned for the faithful discharge of his duties, contains a provision that it shall continue and remain in force so long as he " shall be the agent of said company, whether under his existing appointment or any future

one," and until all liabilities on his part, by reason of such agency, "shall
have been discharged." Dec 23, 1873, a new contract entered into between
the company and B., whereby the latter was appointed agent, changes the
rate of his commissions and contains the following clause: "This contract
abrogates all former ones, so far as new business is concerned." *Held*, that
the bond of Dec. 22, 1871, was not abrogated thereby.

ERROR to the Circuit Court of the United States for the
Eastern District of Missouri.

This was an action by the New York Life Insurance Com-
pany against Davis R. Boogher and his sureties, upon a bond
executed by them Dec. 22, 1871, and conditioned as follows : —

"Whereas the above bounden Davis R. Boogher has been ap-
pointed by said company as their agent for the purpose of procur-
ing applications for life insurance, and performing such other duties
in connection therewith as may be intrusted to him : Now, if the
said Davis R. Boogher shall pay or hand over all moneys belonging
to said company which shall at any time be received by him, or for
which he shall be liable, whether the same shall be or shall have
been received by him personally and solely, or by, through, or to-
gether with any co-partner, co-agent, sub-agent, or other person,
including all moneys so received prior to the date of this instru-
ment (if any such there be), as well as that received thereafter, as
also all moneys which he now owes, or hereafter may owe, said com-
pany, either on account of advances to him or otherwise, and shall
faithfully discharge his duties as said agent, then this obligation
shall be void, otherwise to remain in full force and effect. It being
understood and agreed that this obligation shall not be annulled or
revoked without the consent of the above-named company, but
shall be and remain in force as long as said Davis R. Boogher shall
continue to be the agent of said company, whether under his exist-
ing appointment or any future one, and whether such present or
future agency be sole, or whether said Davis R. Boogher be joined
with any other person or persons, and until all transactions under
such agency shall have been finally adjusted and settled, and all
liabilities of said Davis R. Boogher by reason thereof shall have
been discharged."

Boogher was at that time employed by the company as so-
liciting agent under a contract of appointment dated Oct. 27,
1871, which took effect November 1 of that year. The con-
tract, after minutely prescribing his duties and the rate of

commission to be allowed upon premiums on policies of insurance effected by or through him, provides for his discharge as agent and the forfeiture of his right to commissions on renewals in the event of any dereliction of duty. A new contract of appointment, made Dec. 23, 1873, differs from the preceding one as to the rate of commissions allowed, and contains the following : —

"14. The commissions as above subject to the stipulations and limitations herein contained, shall continue to be paid to the said agent, or in case of his death, to his personal representatives, for the term of ten years from the date of each policy, provided he shall continue to act exclusively for said company for term of five years; but in case said agent shall be discontinued for cause by said company, then all commissions which would accrue to him under this or any former contract shall be forfeited to said company unconditionally."

"15. This contract abrogates all former ones, so far as new business is concerned."

The breach of the condition of the bond alleged was, that Boogher misappropriated funds of the company amounting to $1,400.

The defendants traversed the breach, and claimed as a special defence, that as the acts complained of related to new business transacted after the date of the second appointment, the bond was abrogated, and that they were therefore released from liability thereunder.

Boogher filed a separate answer by way of counter-claim for $6,000 damages, alleging that the company had broken the contract of Dec. 23, 1873, by refusing to permit him to collect the premiums on insurances effected by him, and by refusing to perform the contract on its part, or to pay him according to its terms.

The company denied any breach on its part of the contract of employment, and alleged that Boogher, prior to the institution of the suit, had been discharged for cause, and that, therefore, all his rights to commissions were unconditionally forfeited.

By the act to regulate practice in civil cases in Missouri, "all or any of the issues of fact in the action may be referred, upon the written consent of the parties." Wag. Stat. 1041, sect.

17; Gen. Stat. 169, sect. 17. "All testimony taken before referees shall be reduced to writing, and if either party shall except to the competency of a witness, or the admission or exclusion of evidence, or any other matter to which exceptions may be taken, the referees, if required, shall state the particulars of the exceptions in their report." Wag. Stat. 148, sect. 39. "The referees shall, in all cases, report . . . showing the . . . proceedings had, and return the same, together with the testimony taken, to the court." Id., sect. 40. "All exceptions to the report . . . shall be in writing, and filed within four days, in term, after the report is filed. . . ." Id., sect. 41. "If exceptions are allowed, the matter may again be referred, with instructions, if necessary; but if the report is confirmed by the court, judgment shall be rendered thereon in the same manner and with like effect as upon a special verdict." Id., sect. 42.

In this case the record shows the following entry: "Now come the parties by their attorneys, . . . and this cause being regularly called for trial, and both parties being ready, it is ordered that a jury come; and thereupon comes said jury, to wit, . . . twelve good and lawful men, duly sworn and impanelled well and truly to try the issues joined herein; and now, by consent of parties, it is ordered that a juror be withdrawn, and said juror being withdrawn, it is ordered that this cause be referred to Amos M. Thayer for final report, subject, however, to exceptions." Under this order the referee tried the cause and made his report, stating the issues tried and his findings of fact and law thereon. The testimony was returned with the report, and certain exceptions taken before him were noted in the return. The defendants appeared in court and objected to the confirmation of the report, filing twenty-two separate exceptions, most of which were to the effect that the findings of fact were not sustained by the evidence. The others were as follows: "4. The conclusions of said referee in said report are not sustained by his findings of fact therein. 5. Said report is erroneous and not in accordance with law. . . . 8. The referee erred in finding that the special plea of release in the answers herein had not been sustained. . . . 15. The referee erred in admitting the accounts mentioned in the report as

evidence against the defendants. 16. The referee erred in admitting incompetent and irrelevant testimony in favor of plaintiff. . . . 19. The referee erred in admitting in evidence a note of $1,000, dated Oct. 8, 1873."

Upon the hearing by the court the evidence was read together with the report, and, after argument, the exceptions were overruled as a whole. To this the defendants excepted generally. A new trial was then moved for, and overruled. To this another exception was noted. The court made the following order and finding: —

" Now come the said parties by their attorneys, . . . and the exceptions to the referee's report herein being submitted to the court, and the same having been duly considered, it is ordered that said exceptions be overruled, and that the report of the referee be and the same is hereby confirmed and approved, and thereupon this cause is submitted to the court upon the pleadings and the report of said referee, on consideration whereof the court finds that the defendant, Davis R. Boogher, is indebted to the plaintiff by reason of the breaches of the writing obligatory sued upon in the sum of twelve hundred and seventeen dollars and fifty-two cents."

Judgment was thereupon rendered against the defendants for the penalty of the bond sued on, to be discharged upon the payment of said sum and costs of suit.

A bill of exceptions was then taken, which sets forth the report of the referee, the testimony before him with the objections noted, the exceptions to the report, the exception to the order confirming it, the motion for a new trial, the order overruling it, and the exception thereto.

The defendants sued out this writ, and assign for error: " 1. That the referee erred in finding in favor of the defendant in error, on the counter-claim of Boogher, and the court erred in confirming the finding. 2. The undisputed facts in the case, established by the testimony of the defendant in error, fail to support the finding of the referee, that Boogher was discharged for good cause, because of an ' unauthorized detention of plaintiff's funds,' and the court erred in confirming that finding. 3. The pleadings of the defendant in error are not supported by any evidence ; and, 4. The special plea of

discharge was fully sustained, as appears by the pleadings and. findings of the referee, and the court erred in not rendering judgment for plaintiffs in error thereon."

*Mr. Shepard Barclay* and *Mr. Linden Kent* for the plaintiffs in error.

*Mr. Frederick N. Judson, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

It is, to say the least, doubtful whether cases tried in the circuit courts by a referee, in States where such a practice exists, can be reviewed here. While, since the act of 1872, c. 255 (17 Stat. 196, now sect. 914, Rev. Stat.), the practice, pleadings, and forms and modes of proceedings in civil causes, other than equity and admiralty causes, in the circuit and district courts, must conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such circuit or district courts are held, the review of a case in this court is regulated by the acts of Congress and not by the laws of the States. This was decided in *United States* v. *King* (7 How. 833), where the precise question arose under the act of 1824, c. 181, regulating the practice of the courts of the United States in the district of Louisiana. 4 Stat. 62. The Seventh Amendment to the Constitution provides that " no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." The Judiciary Act of 1789, c. 20, sect. 12 (1 Stat. 80), provided that the trial of issues of fact in the circuit courts should in all suits, except those of equity and of admiralty and maritime jurisdiction, be by jury; but it has always been held that if the parties waived a jury a judgment after trial by the court would not be erroneous. *Kearney* v. *Case*, 12 Wall. 275. Such a judgment, however, would not be reviewable here, because, as was said by Mr. Chief Justice Taney, in *Campbell* v. *Boyreau* (21 How. 223), " if, by agreement of parties, the questions of fact in dispute are submitted for decision to the judge upon the evidence, he does not exercise judicial authority in deciding, but acts rather in the character of an arbitra-

tor. . . . And as this court cannot regard facts found by the judge as having been judicially determined in the court below, there are no facts before us upon which questions of law may legally and judicially have arisen in the inferior court, and no questions, therefore, open to our revision as an appellate tribunal." To get rid of this difficulty and give parties the right of review here, if they submitted their issues to a trial by the court, the act of 1865, c. 86, sect. 4 (13 Stat. 501 ; Rev. Stat., sects. 649, 700), was passed. In this way it was provided that issues of fact in civil cases in the Circuit Court might be tried and determined by the court, without the intervention of a jury, " whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts . . . shall have the same effect as the verdict of a jury." Provision was also made for presenting for review here by bill of exceptions the rulings of the court in the progress of the trial, and, when the finding was special, for extending the review to the determination of the sufficiency of the facts found to support the judgment.

The doubt we have is whether the act of 1872 enlarged the existing modes of subjecting cases to review here. There is no express provision of that kind, and on its face the act is confined to the practice, pleadings, and modes of proceedings in the circuit and district courts. Any allusion to a review here seems to have been studiously avoided. The act of 1865 was not repealed. On the contrary, that act, as well as the one of 1872, was brought into the Revised Statutes, and it is now, as sect. 700, the only statute which provides for a review here of cases where an issue of fact in a civil cause has been tried in the Circuit Court otherwise than by a jury.

This objection was not raised in the argument, and its final determination may perhaps with propriety be postponed, as, if the trial before the referee is treated as a trial by the court, we think the judgment must be affirmed. In *Kearney* v. *Case* (*supra*), it was held that unless there was a written stipulation of the waiver of a jury filed with the clerk, there could be no review here of a case tried by the court. Such a stipulation in writing is a prerequisite to our right to re-examine. We said, however, in that case (p. 283), if it affirmatively appeared

in any part of the record proper that such a writing was made and filed by the parties, we might take jurisdiction, even though the stipulation itself, or a copy of it, should not be sent up with the transcript.

It nowhere expressly appears in this case that a stipulation was filed, but inasmuch as an action of this kind could not, under the Practice Act of Missouri, be referred without the written consent of the parties, and this was referred by consent, we think we must assume that a consent was given in such form as to authorize what was done under it. The withdrawal of a juror after the trial was begun and the consent to a reference necessarily implied a waiver of a jury; and as this consent to be available must have been in writing, it follows that the waiver which flowed from the consent was also in writing. We think, therefore, it sufficiently appears that the stipulation which the act of Congress requires was entered into.

We have often held that the act of 1865 (sects. 649, 700, Rev. Stat.) does not permit us to consider the effect of the evidence in the case, but only to determine whether the facts found on the trial below are sufficient to support the judgment, and to pass on the rulings of the court in the progress of the trial presented by a bill of exceptions. For all the purposes of our review the facts as found and stated by the court below are conclusive. *The Abbotsford*, 98 U. S. 440, and the cases there cited. Neither can we consider this case unless the facts found by the referee, when confirmed by the court, are treated as the finding of the court. In that way alone can it with propriety be said that the facts have been determined judicially by the court, so as to be made the foundation of a review here of the questions of law properly raised on them in the record.

Upon the facts as found and reported there can be no doubt of the correctness of the judgment. Indeed, no complaint is made, by an assignment of error or otherwise, on that account. This brings us to a consideration of the bill of exceptions, and the only exceptions which we there find to the rulings of the court are : 1, To the overruling of the objections to the referee's report; and, 2, to the order overruling the motion for a new trial. We have many times decided that the rulings of the

circuit courts on motions for a new trial are not reviewable here on writ of error. *Railway Company* v. *Twombly*, 100 U. S. 78. The whole case, therefore, turns on the exception to the overruling of the objections to the report. This exception is a general one, to the single order overruling the twenty-two specific objections as a whole. We have uniformly held that "if a series of propositions is embodied in instructions (to the jury), and the instructions are excepted to in a mass, if any one of the propositions is correct the exception must be overruled." *Johnston* v. *Jones*, 1 Black, 209; *Rogers* v. *The Marshal*, 1 Wall. 644; *Harvey* v. *Tyler*, 2 id. 328; *Lincoln* v. *Claflin*, 7 id. 132; *Beaver* v. *Taylor*, 93 U. S. 46. The same rule should be applied to cases of this kind. Here are, so to speak, a series of propositions in respect to the report of the referee. They were overruled and excepted to in a mass. If one of the propositions was correct, therefore, the exception will not be good. The party should, by his exception, direct the attention of the court to the specific proposition or propositions on which he relies, and separate it or them from the rest.

Among the objections to the report included in the general exception are many relating to the sufficiency of the evidence to support the findings. These cannot be re-examined here. But if we consider the action of the court on the objections to the sufficiency of the evidence as not included in the general exception, the difficulty is not removed, because the five remaining objections embrace separate matters. Some of them are confessedly not well taken, and have not been mentioned here, either in the argument or assignment of errors. Only one is relied on, and that the eighth, which is to the effect that the referee erred in finding that the special plea of release had not been sustained. This, taken in connection with the pleadings, raises the question whether the legal effect of the second agreement between the parties, which was in writing and set forth in the complaint, was to cancel and discharge the bond sued on. We have no hesitation in saying that it did not. The bond was not one of the agreements which that instrument abrogated.

This disposes of the case, and leads to an affirmance of the judgment.

*Judgment affirmed.*