DIETZ v. LYMER.

(Circuit Court of Appeals, Eighth Circuit. September 24, 1894.)

No. 351.

APPEAL—TRIAL BY REFERENCE.

An oral consent in open court to an order of reference, made pursuant to a state statute (Code Civ. Proc. Neb. § 298) will not enable the circuit court of appeals (eighth circuit) to review the action of the circuit court on exceptions to the referee's report, where there was no bill of exceptions making that report, or the evidence upon which it was founded, a part of the record. Dietz v. Lymer, 10 C. C. A. 71, 61 Fed. 792, affirmed.

On Rehearing.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. As will appear from our previous opinion in this case (10 C. C. A. 71, 61 Fed. 793, 795), we predicated our ruling that the record presented no questions which could be reviewed by this court on the ground that there was no written stipulation waiving a jury and no bill of exceptions found in the record. The petition for a rehearing does not challenge the facts last stated, on which our previous ruling was predicated. On the contrary, it is inferentially admitted that there was no written stipulation waiving a jury, and that the order of reference was made pursuant to a statute of Nebraska in obedience to an oral consent expressed in open court, that the case might be sent to a referee for trial. Such oral consent, it is said, enables this court to review the action of the circuit court on the exceptions to the referee's report, although there was no bill of exceptions making that report, or the evidence upon which it was founded, a part of the record. We cannot assent to this view under existing decisions.

In Boogher v. Insurance Co., 103 U. S. 90, 95, Mr. Chief Justice Waite intimated a serious doubt, for reasons therein fully stated, whether cases tried before a referee pursuant to state laws can be reviewed in the federal appellate courts under existing acts of congress. That doubt was left unresolved, but it was held that such cases cannot be reviewed on writ of error unless a jury is waived in the mode provided by the act of 1865 (chapter 86, § 4, 13 Stat. 501, now sections 649, 700, Rev. St.); that is to say, by a written stipulation signed by the parties. In that case it was decided that the record sufficiently showed that a written stipulation of the parties waiving a jury had been filed, because, in the state of Missouri, where

that suit originated, a reference could not be ordered without the written consent of the parties to the action. It was therefore assumed by the court that such written consent as the state statute required had been filed in that case. But in a later case, to which we particularly referred in our previous decision (Investment Co. v. Hughes, 124 U. S. 157, 8 Sup. Ct. 377), it affirmatively appeared that no written consent to a reference had been filed, and for that reason it was held that the case differed materially from Boogher v. Insurance Co., and that it could not be reviewed on writ of error. The record in the case at bar, as heretofore stated, shows that the consent to the order of reference was given orally in open court, and that there was in fact no written stipulation waiving a jury, such as the act of congress requires to render a case reviewable on writ of error when the parties dispense with a jury. It is therefore governed by the ruling made in Investment Co. v. Hughes, as well as by the decision in Boogher v. Insurance Co., supra; wherefore the petition for a rehearing must be, and it is hereby, denied.