TERRY v. NAYLOR et al.

(Circuit Court, E. D. North Carolina. September 21, 1903.)

1. REFERENCE—FINDINGS OF SPECIAL MASTER—REVISION BY COURT.
   A special master to whom is referred a question of damages in an action at law is appointed in aid of the court, which is not bound by his findings, although no exceptions are filed thereto.

2. SAME—COSTS—INTRODUCTION OF IRRELEVANT TESTIMONY.
   The cost of taking testimony before a referee or special master, which is irrelevant to the matter referred to him, will be taxed to the party introducing the same.

At Law. On trial to the court.
See 110 Fed. 494.

C. M. Bernard, for plaintiff.
C. M. Busbee, for defendants.

PURNELL, District Judge. This cause coming on to be heard, the parties having at the June term waived a trial by jury, and agreed the judge should hear the case and determine the facts and the law, and being heard, plaintiff representing himself, and defendants being represented by C. M. Busbee, Esq., after a full hearing, it is considered, ordered, and adjudged:

(1) That the debt declared on has been settled and paid as follows: The first note by a judgment to that effect in the state court

(Terry v. Robbins, 128 N. C. 140, 38 S. E. 470, 83 Am. St. Rep. 663), which judgment this court could not review, and the payment of the balance of said debt into this court. Terry v. Robbins, 122 Fed. 727.

(2) That judgment be entered in favor of plaintiff and against the defendants for costs, including attorney's fee, to be taxed by the clerk of this court up to the time of the payment into court of the $10,500 balance due on the debt.

(3) That judgment be entered in favor of the defendants and against the plaintiff for costs, since the payment as aforesaid, such costs to be taxed by the clerk of this court, not including attorney's fee.

And now, upon the consideration of the report of the special master to whom was referred the question of what damages defendants have suffered by reason of the restraining order, improvidently signed herein, the court placing confidence in the parties applying for the same, and supposing of course such application was based on a bill in equity filed in aid of the suit at law, it is considered and adjudged that such report, to which exceptions were not filed in apt time, be, and the same is, modified as hereinafter stated.

Plaintiff introduced no testimony on the question of damages, did not cross-examine the only witness as to this question, and the witnesses do not sign the depositions. In this and other respects the examination is loose, irregular, and unsatisfactory. Had objections been made, the whole report would have been rejected; but plaintiff being present, both before the special master and before the court, all parties appearing anxious to have the cause disposed of, does not hold to the strict rule. The allowance, however, cannot be affirmed without violence to the conscience of a chancellor; hence is disallowed.

Seventeen pages of the record, and the testimony of all the witnesses except one, relate exclusively to an attempt on the part of the defendants to prove a tender, and three and a half pages only are pertinent and germane to the question of damages, the only question upon which the special master was authorized to "ascertain and report by reason of the issuance of the restraining order." The entire hearing was at two sessions on the same day, and yet the special master renders a bill of costs for such hearing amounting to $97.85, $75 of which is for his own services. The special master merely presided at the meetings, a stenographer being present to take the testimony, passed upon no questions, and this claim exceeds by many dollars that allowed the Chief Justice of the Supreme Court of the United States.

It is for the reasons stated, and others apparent in the record, and within the knowledge of the court, considered, ordered, and adjudged that the item of $46.76 allowed to Thos. H. Robbins as a salary be and the same is disallowed. Item, copy of depositions for C. M. Busbee, Esq., $5.90, is disallowed and taxed against the defendants, for whom Mr. Busbee was afterwards attorney, original copies having been furnished plaintiff and defendants. Administering oaths, 30 cents, 20 cents for witnesses exclusively for defend-

ants upon matters not contemplated in the order of court, disallowed. Seventy-five dollars to special master disallowed; ten dollars allowed, as amply sufficient for services rendered. The witnesses subpœnaed for defendants, and examined upon matters not contemplated in the order, will be taxed against the defendants—fees, subpœnas, and depositions. The account is thus restated: Damages to defendant Lillian F. Naylor, $120.75; less amount allowed to Thos. H. Robbins as salary, $46.76—$73.99.

While no exceptions were filed, a special master is appointed to aid, not bind, the court, and there is no force in the argument that, in the absence of exceptions, the court is bound by the findings of the master, and will as a matter of course affirm such findings on motion. Especially is this practice when items in the report do violence to the conscience of the chancellor.

The restraining order was in force 11 days, and was dissolved as soon as the attention of the court was called to the facts. The special master allows $46.76 as salary to Thos. H. Robbins, father of defendant Naylor, who alone claims to have been damaged, and this claim is made through others, to whom, as appears in the record, Thos. H. Robbins conveyed the land the day after it was conveyed to him by plaintiff, and by him and his wife reconveyed as a security for the purchase money. This claim is allowed solely by the special master on the testimony of W. A. Robbins, T. H. Robbins, and Lillian F. Naylor, who are defendants not appearing or testifying, nor is the connection of W. A. Robbins with the business of defendant Naylor shown.

The following costs will be taxed against the plaintiff:

| | |
|---|---:|
| Stenographer | $1 00 |
| Original copy of deposition | 1 08 |
| Administering one oath | 10 |
| Subpœna one witness | 25 |
| Witness ticket W. A. Robbins | 1 50 |
| One-fifth allowance to special master | 2 00 |
| | $6 03 |

The following costs will be taxed against the defendants:

| | |
|---|---:|
| Services of stenographer | $ 4 00 |
| Original copy of depositions | 4 72 |
| Copy of depositions to C. M. Busbee, Esq. | 5 90 |
| Administering 2 oaths | 20 |
| Subpœna for 4 witnesses | 1 00 |
| J. H. Sawyer, witness ticket | 1 50 |
| L. S. Blades, witness ticket | 1 50 |
| Four-fifths special master's allowance | 8 00 |
| | $26 82 |

As thus reformed it is ordered that the report of the special master be affirmed, but no part of the amount allowed defendants shall be paid until the costs taxed against them are adjusted.