### BOATMEN'S BANK v. TROWER BROS. CO.

(Circuit Court of Appeals, Eighth Circuit. September 19, 1910.)

#### No. 3,283.

*(Syllabus by the Court.)*

1. COURTS (§ 356*)—MOTION FOR NEW TRIAL UNNECESSARY FOR REVIEW—ACT OF CONFORMITY AND STATE PRACTICE IMMATERIAL.

   A motion for a new trial, indispensable under the state practice, is not essential to a review of the rulings of the trial courts under the federal practice.

   The means of review of the rulings of the national courts are prescribed by the acts of Congress, the ancient English statutes, and the rules and practice of the courts of the United States, and they are neither controlled nor affected by the act of conformity (Rev. St. § 649 [U. S. Comp. St. 1901, p. 525]), the statutes of the states, or the practice of their courts.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356;* Appeal and Error, Cent. Dig. § 3397.

   Federal courts following state practice as to procedure on appeal, see note to Nederland Life Ins. Co. v. Hall, 27 C. C. A. 394.]

2. COURTS (§§ 339, 356*)—EXCEPTIONS TO REFEREE'S REPORTS IN ACTIONS AT LAW—TIME OF FILING—ACT OF CONFORMITY.

   Although the statute of a state required exceptions to the report of a referee in actions at law in its courts to be filed within four days in term after the filing of the report, it was not error for the federal trial court to extend the time for filing exceptions for a defeated party, who had received no notice of the time of filing within the four days, for the

---

period of seven days, and to consider exceptions filed within this extension of time.

The act of conformity (Rev. St. § 649 [U. S. Comp. St. 1901, p. 525]) does not require the Circuit and District Courts to conform their practice or procedure to that of the state courts, where such conformity in their judgment "would unwisely incumber the administration of the law or tend to defeat the ends of justice in their tribunals."

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 914, 937; Dec. Dig. §§ 339, 356;* Appeal and Error, Cent. Dig. § 3397.]

**3.** APPEAL AND ERROR (§ 924*)—REFEREE'S REPORT—PRESUMPTION THAT HE RETURNED THE EVIDENCE.

Where the statute of a state, which under the conformity act prescribes the practice in the federal court in an action at law, requires a referee to return the evidence taken before him with his report, the legal presumption in the appellate court, in the absence of evidence in the bill of exceptions or otherwise to the contrary, is that he complied with the statute and did so.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3726–3728; Dec. Dig. § 924.*]

**4.** COURTS (§ 352*)—TRIAL BY REFEREE—BILL OF EXCEPTIONS BY REFEREE NOT NECESSARY TO REVIEW BY CIRCUIT COURT IN MISSOURI.

A bill of exceptions by the referee is not essential to a review in the United States Circuit Court of the rulings of a referee in his trial of an action at law in Missouri, because the Missouri statute requires the referee to set forth all exceptions to his rulings and the particulars thereof in his report, and to return all the evidence taken before him to the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 931; Dec. Dig. § 352.*]

**5.** APPEAL AND ERROR (§ 548*)—BILL OF EXCEPTIONS REQUISITE TO REVIEW BY APPELLATE COURT.

Where the writ of error challenges the rulings of the Circuit Court on exceptions to a referee's report in an action at law, a bill of exceptions which sets forth the evidence which conditioned those rulings is indispensable to their review in an appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

**6.** REFERENCE (§ 103*)—TRIAL BY CONSENT REFEREE—ON AVOIDANCE OF REPORT FOR ERROR COURT MAY NOT RETRY ISSUES OF FACT—NEW TRIAL BEFORE SAME REFEREE.

A stipulation to commit to a referee for trial and decision issues of fact in an action at law, which the court is without power to try or to refer without the consent of the parties, gives the court no authority to try those issues after the avoidance of the findings of the referee for error of law, but entitles the parties to a new trial by their chosen referee under proper instructions from the court upon questions of law alone.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 203; Dec. Dig. § 103.*]

**7.** REFERENCE (§ 99*)—TRIAL BY CONSENT REFEREE—QUESTIONS OF LAW ALONE REVIEWABLE BY TRIAL COURT ON EXCEPTIONS.

A trial by a consent referee is reviewable by the trial court, if there is no substantial evidence to sustain his findings of fact, and for other errors of law. But the questions of fact are committed to the judgment of the referee, and if there is substantial evidence to support his findings the court may not avoid them, because in its judgment the evidence is insufficient to support them, or preponderates against them.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 153; Dec. Dig. § 99.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Western District of Missouri.

Action by the Boatmen's Bank against the Trower Bros. Company. Judgment for defendant (171 Fed. 964), and plaintiff brings error. Reversed and remanded.

J. S. Botsford (Buckner F. Deatherage and Goodwin Creason, on the brief) for plaintiff in error.

J. C. Petherbridge, for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The questions in this case involve the extent and method of review of a trial by a consent referee of an action at law in the national courts. The seventh amendment to the Constitution provides that in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law. The only instance in which the finding of a fact by a jury may be re-examined and avoided by a court is where there is no substantial evidence to sustain it, and the review of the findings of fact in an action at law by a court, or a consent referee, is limited by the same restriction. Hecker v. Fowler, 2 Wall. 123, 129, 130, 133, 17 L. Ed. 759; Newcomb v. Wood, 97 U. S. 581, 583, 24 L. Ed. 1085; Boogher v. Insurance Co., 103 U. S. 90, 93, 94, 96, 98, 26 L. Ed. 310; United States v. Ramsey (C. C.) 158 Fed. 488, 491, 493, 498; Campbell v. Equitable Life Assur. Soc., 130 Fed. 786, 787; Tyler v. Angevine, 24 Fed. Cas. 458, 461 (No. 14,306).

The acts of Congress contain no grant of power to the national courts to delegate to referees the authority to try actions at law. They provide, however, that the parties to any such civil action may stipulate in writing that any issue of fact therein may be tried by the court without a jury, and that in such case the finding of the court upon the facts shall have the same effect as the verdict of a jury (Rev. St. § 649 [U. S. Comp. St. 1901, p. 525]), and that the practice, pleadings, forms, and modes of proceeding in civil causes other than equity and admiralty causes in the Circuit and District Courts shall conform as near as may be to the practice and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit and District Courts are held. Rev. St. § 914 (1 U. S. Comp. St. 1901, p. 684). But this act of conformity (section 914) does not apply to the practice or proceedings of the national appellate courts, or to bills of exceptions, motions for new trials, or any other means adopted to review the judgments or rulings of the trial courts of the United States. The power and practice of the national appellate courts are derived exclusively from the Constitution, the acts of Congress, the ancient English statutes, and the rules and practice of the courts of the United States, and this practice may neither be extended nor contracted, controlled, nor affected by the statutes of the states or the practice of their courts. Francisco v. Chicago & Alton R. Co., 149 Fed. 354, 358, 359, 79 C. C. A. 292, 296, 297; Chateaugay

Iron Co., Petitioner, 128 U. S. 544, 554, 9 Sup. Ct. 150, 32 L. Ed. 508; Hudson v. Parker, 156 U. S. 277, 281, 15 Sup. Ct. 450, 39 L. Ed. 424; City of Manning v. German Ins. Co., 107 Fed. 53, 55, 57, 46 C. C. A. 144, 146, 148; Hooven, Owens & Rentschler Co. v. John Feather-stone's Sons, 49 C. C. A. 229, 235, 111 Fed. 81, 87; Louisville & N. Ry. Co. v. White, 40 C. C. A. 352, 356, 100 Fed. 239, 242, West v. East Coast Cedar Co., 51 C. C. A. 411, 415, 113 Fed. 737, 741; St. Clair v. United States, 154 U. S. 134, 153, 14 Sup. Ct. 1002, 38 L. Ed. 936; Boogher v. Insurance Co., 103 U. S. 90, 95, 26 L. Ed. 310; Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085; Fishburn v. Railway Co., 137 U. S. 60, 11 Sup. Ct. 8, 34 L. Ed. 585; Kentucky Life, Acc. & Ins. Co. v. Hamilton, 63 Fed. 93, 98, 11 C. C. A. 42, 47; Elder v. McClaskey, 17 C. C. A. 259, 278, 70 Fed. 529, 556; Ghost v. United States, 168 Fed. 841, 843, 94 C. C. A. 253, 255; Connecticut Fire Ins. Co. v. Manning (C. C. A.) 177 Fed. 893, 896.

Nor does this act of conformity even require the Circuit and District Courts to conform their practice or procedure in matters which do not relate to methods of review to those of the state courts, where such conformity in their judgment "would unwisely incumber the administration of the law, or tend to defeat the ends of justice in their tribunals." Railway Company v. Horst, 93 U. S. 291, 299, 300, 23 L. Ed. 898; O'Connell v. Reed, 56 Fed. 531, 536–539, 5 C. C. A. 586, 592; Times Publishing Co. v. Carlisle, 36 C. C. A. 475, 484, 94 Fed. 762, 771.

This is an action of trover and conversion of cattle that the plaintiff and defendant respectively claim under adverse mortgages, and the issues were the identity of the cattle described in the respective mortgages and the superiority of their respective liens. The referee found these issues in favor of the plaintiff below, and filed his report, which set forth these findings and a recommendation of a judgment accordingly. The Circuit Court sustained exceptions to the findings of fact of the referee, and an exception to the introduction in evidence of a report regarding the ownership of the cattle made by one Kelly, and rendered a judgment for the defendant. To reverse this judgment the plaintiff sued out a writ of error; but the defendant insists that it is entitled to no consideration by this court of the errors assigned, because it made no motion for a new trial, and under the practice of the courts of the state of Missouri a motion for a new trial is indispensable to a review of the rulings of the trial court. State ex rel. v. Hurlstone, 92 Mo. 327, 5 S. W. 38; Maloney v. Missouri Pac. Ry. Co., 122 Mo. 106, 115, 26 S. W. 702; State ex rel. v. Burckhartt, 83 Mo. 430. The position of the defendant is untenable, because, as we have seen, the practice and proceedings of the federal courts relating to motions for new trials, bills of exceptions, and other means of review of the judgments of the Circuit and District Courts are not governed, controlled, or affected by the act of conformity, or by the practice or proceedings in like causes in the state courts, but by the acts of Congress, the ancient English statutes, and the rules and practice of the courts of the United States.

The plaintiff's first specification of error is that the court below, after the lapse of more than four days in term subsequent to the filing

of the referee's report, extended the time for the defendant to file its exceptions thereto, and reversed the findings of the referee on exceptions filed after the expiration of the four days, in the face of the statute of Missouri, which provides that all exceptions to reports of referees in like causes shall be filed within four days in term after the filing of the respective reports. Rev. St. Mo. 1899, § 714 (Ann. St. 1906, p. 711). But there is no proof that any notice of the time when the report was filed was given to the defendant within the four days. It is the great purpose of the national system of jurisprudence to effect the speedy determination of controversies upon their merits, and a practice which would deprive the defeated party of all opportunity to challenge before the court a report of a referee at the end of four days after it is filed, in the absence of all notice of its filing, would tend to defeat this object, to prevent the determination of cases on their merits by the courts, and to defeat the ends of justice. It was not, therefore, the duty of the court below to conform its practice to that of the state court in this regard in the case at bar, and there was no error in its extension of the time for filing the exceptions, nor in the consideration of the exceptions filed within the extended time.

The second contention is that the Circuit Court had no jurisdiction to consider any evidence in passing upon the exceptions of the defendant to the findings of the referee, because the evidence was not reported to that court by the referee. The bill of exceptions before us does not affirmatively show that the referee did not return the testimony taken before him to the court, although it does not contain that evidence. The act of conformity required this referee to conform his practice and proceedings to those of referees appointed by the courts of Missouri in like causes, where such conformity would not incumber the administration of justice or tend to defeat its ends. The return of the evidence to the court could have had no such effect. The statute of Missouri, which under the conformity act became a part of the stipulation for the trial of this case by the referee, required him to return to the court the testimony taken before him with his report (Rev. St. Mo. § 713 [Ann. St. 1906, p. 711]), and the legal presumption is that he faithfully discharged that duty (Lutz v. Linthicum, 8 Pet. 165, 179, 8 L. Ed. 904). This contention cannot be sustained, therefore, because the presumption from the record is that the evidence was reported to the Circuit Court by the referee, and was before that court for consideration.

It is not necessary to a review by the Circuit Court of the rulings of a referee under the Missouri practice that those rulings or the evidence taken by him should be presented to that court by a bill of exceptions or certified by the referee, because the statutes of Missouri require him to return the evidence to the court with his report, and to set forth in the latter, if required, all rulings to which exceptions are taken and the particulars thereof. Rev. St. Mo. §§ 712, 713 (Ann. St. 1906, p. 711); Boogher v. Insurance Company, 103 U. S. 90, 93, 26 L. Ed. 310.

The third objection to the action of the court below is that the order and judgment sustaining the exceptions to the report is erroneous; but that order and judgment rests on the conclusion of the Circuit Court

that the report of Kelly regarding the ownership of the cattle was erroneously introduced in evidence before the referee, and that there was no substantial evidence to sustain his findings of fact. The plaintiff, however, has presented in his bill of exceptions neither the report of Kelly nor any of the other evidence in the case, so that there is no way in which this court can determine whether the rulings of the court below upon this report and evidence were right or wrong. The burden is on him who alleges error to prove it. The presumption is that the rulings of the trial courts are right, and one who would successfully attack the decision of a court, because there was evidence in the case which rendered it erroneous, must produce that evidence in the appellate court, or the ruling must be affirmed. Guarantee Co. of N. A. v. Phenix Ins. Co., 124 Fed. 170, 175, 59 C. C. A. 376, 381; United States v. Patrick, 73 Fed. 800, 806, 20 C. C. A. 11, 17; Chicago Great Western Ry. Co. v. Price, 97 Fed. 423, 434, 38 C. C. A. 239, 250; Board of Commissioners v. Sutliff, 97 Fed. 270, 275, 38 C. C. A. 167, 172; Taylor-Craig Corp. v. Hage, 69 Fed. 581, 583, 16 C. C. A. 339, 340.

The fourth and last specification of error is that the court below erred, after sustaining the exceptions to the report of the referee, in finding the facts and rendering the judgment in favor of the defendant, because it had no judicial authority so to do. This position is sound. This is a case in which the court below had no jurisdiction, either under the common law, or under the acts of Congress, or under the statutes of Missouri (section 698, Rev. St. Mo. [Ann. St. 1906, p. 707]), and the conformity act, to try the issues of fact without a jury, or to refer them for trial, without the consent of the parties to the controversy. While these parties originally consented to the trial of these issues by the court, that stipulation was superseded by their subsequent agreement to refer this cause for "hearing and decision upon all the issues of law and fact in the case to Hon. Willard P. Hall, as referee." This stipulation and all its provisions condition this reference, and none of them may be abrogated or disregarded by the courts. One of them is that the issues of fact and of law shall be heard and decided by Mr. Hall, and the legal effect of this provision under the practice in Missouri, as well as under the practice in the federal courts, is that, while the findings of Mr. Hall as referee may, like the findings of a jury, be set aside by the court, not because they are unsupported by the preponderance of the evidence, but only because there is no substantial evidence to sustain them, such action does not avoid the stipulation of the parties that these issues of fact shall be tried by the referee, nor empower either the court or a jury to try and determine them. The avoidance of the verdict of a jury for a like cause would not authorize the court or a referee to try the issues of fact triable by the jury, and the same principle governs the case in hand. A stipulation to commit to the referee for trial and decision issues of fact in an action at law which the court is without power to try, or to refer without the consent of the parties, gives the court no power to try those issues after the avoidance of the findings of the referee for error of law, but entitles the parties to a new trial by their chosen ref-

eree under proper instructions from the court upon questions of law alone. United States v. Ramsey, 158 Fed. 488, 490, 491; Rev. St. Mo. § 715 (Ann. St. 1906, p. 712); Caruth-Byrnes Hardware Co. v. Wolter, 91 Mo. 484, 488, 3 S. W. 865; State ex rel. v. Hurlstone, 92 Mo. 327, 332, 333, 5 S. W. 38.

References of suits in equity and references of 'actions at law, pursuant to statutes, practices, facts, or stipulations which differ materially from those which condition this rule, may not be subject to it. Kimberly v. Arms, 129 U. S. 512, 524, 9 Sup. Ct. 335, 32 L. Ed. 764; Terry v. Naylor, 125 Fed. 804; O'Neill v. Capelle, 62 Mo. 202; Bank v. Miller, 73 Mo. 187, 192. But it controls the decision of this case, and renders another trial of this action by Mr. Hall, the chosen referee of the parties, unavoidable. After he has completed this new trial, let him return to the court all the evidence taken before him with his report, and let him state in the latter all exceptions to his rulings which either party request him to report and the particulars thereof, together with the fact that he has returned with his report all the evidence taken before him, which he should clearly identify by a proper description in his report. If exceptions are filed to the report, they will present to the Circuit Court for review rulings of questions of law by the referee to which he reports exceptions, and these only. The sufficiency of the evidence to support his findings of fact will not be reviewable by that court, or by this; but, if proper requests are made and exceptions taken, the question whether or not there is substantial evidence to sustain the findings of fact of the referee may be considered by the Circuit Court, for that is always a question of law. If a review in this court of the rulings of the Circuit Court is subsequently desired, a bill of exceptions clearly setting forth the rulings, exceptions, and evidence or facts which conditioned the rulings challenged, certified by the judge who made them, will be indispensable to their consideration here.

The judgment below is reversed, and the case is remanded to the court below, with directions to grant a new trial thereof by Mr. Hall, the chosen referee of the parties, pursuant to their stipulation.