TIERNAN et al. v. CHICAGO LIFE INS. CO.

CHICAGO LIFE INS. CO. v. TIERNAN et al.

(Circuit Court of Appeals, Eighth Circuit.   May 11, 1914.)

Nos. 3904, 3905.

1. APPEAL AND ERROR (§ 671*)—RECORD—MATTERS PRESENTED FOR REVIEW.
   Where the evidence was not in the record, the referee's findings were neither confirmed, rejected, nor modified, nor the exceptions thereto or to his conclusions of law passed upon, and it was impossible to tell from the record whether the judgment was based solely on the pleadings, on the pleadings and the report of the referee; or involved also a consideration of the evidence, the merits of the case could not be reviewed.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

2. APPEAL AND ERROR (§ 209*)—RESERVATION OF GROUNDS OF REVIEW—SUFFICIENCY OF EVIDENCE.
   When an action at law is tried by the court upon a written waiver of a jury, the sufficiency of the evidence to support the judgment will not be reviewed, in the absence of a request by the complaining party at the close of the evidence, for a finding or judgment in his favor or special findings by the trial court.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1290–1298, 1300, 1303; Dec. Dig. § 209.*]

3. APPEAL AND ERROR (§ 848*)—REVIEW—SUFFICIENCY OF FINDINGS TO SUPPORT JUDGMENT.
   When a jury has been waived in writing, and the findings of the referee have been confirmed by the trial court as reported or as modified by it, the sufficiency of the facts found to warrant the judgment will be reviewed as though the findings were wholly made by the trial court.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3372–3376; Dec. Dig. § 848.*]

4. COURTS (§ 352*)—UNITED STATES COURTS—PROCEDURE—CONFORMITY TO STATE PRACTICE.
   When there is a written waiver of a jury, and the cause has been referred to a referee under the authority of a state statute, the referee and the trial court should follow the local practice and modes of proceeding as near as may be in accordance with the Conformity Act.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec. Dig. § 352.*
   Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. REFERENCE (§ 99*)—FINDINGS OF REFEREE—CONCLUSIVENESS.

Under Gen. St. Kan. 1909, § 5894 (Code Civ. Proc. § 300), providing that a trial before referees is conducted in the same manner as a trial by the court, and that the report stands as the decision of the court and judgment may be entered thereon, and that, when the referee is to report the facts, the report has the effect of a special verdict, the referee's findings of fact, as reported, stand beyond question except when and to the extent assailed by one or both of the parties.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 148–156; Dec. Dig. § 99.*]

6. REFERENCE (§ 100*)—REPORT—EXCEPTIONS—PROCEDURE.

Under Gen. St. Kan. 1909, § 5894 (Code Civ. Proc. § 300), providing that a trial before a referee is conducted in the same manner as a trial by the court, and that the referee must state the facts found and the conclusions of law separately, and section 5891 (section 297) providing relative to trials by the court that, if requested, the court shall state in writing the conclusions of fact found separately from the conclusions of law, the trial court should have considered the exceptions to the referee's findings and conclusions and should have confirmed, rejected, or modified the findings or recommitted the questions involved to the referee.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 157–168; Dec. Dig. § 100.*]

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by Robert S. Tiernan and another, partners as Tiernan & Stout, against the Chicago Life Insurance Company, in which defendant interposed a cross-demand. To review a judgment denying a recovery to both parties, each party brings error. Reversed and remanded.

William P. Dillard, of Ft. Scott, Kan. (Willard W. Padgett, of Ft. Scott, Kan., on the brief), for Robert S. Tiernan and others.

Charles Blood Smith, of Topeka, Kan., and John Barton Payne, of Chicago, Ill. (Winston, Payne, Strawn & Shaw, of Chicago, Ill., on the brief), for Chicago Life Ins. Co.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

HOOK, Circuit Judge. Tiernan & Stout sued the Chicago Life Insurance Company for $592,322.86 as damages for the breach of an agency contract. The answer of the defendant company contained a denial of the breach charged and a cross-demand for $14,346.96 for moneys paid and advanced on plaintiffs' account. A jury was waived by written stipulation, and with consent of the parties the cause was referred to a referee, who was directed to report findings of fact and conclusions of law and to return the testimony into court. The referee heard the cause, returned all the evidence before him, reported his findings of fact and conclusions of law, and recommended judgment for plaintiffs for $64,826.87 and interest. The defendant excepted to 10 of the 42 findings of fact, to 6 of the 13 conclusions of law, and to the refusal of the referee to make certain findings requested. The defendant also moved the trial court for judgment in its favor "upon the pleadings and record in the cause." The plaintiffs were satisfied with the findings of fact but excepted to four of the conclusions of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

law and moved that the report be modified accordingly and confirmed as modified. At the hearing of the motions and exceptions, the trial court held that neither party was entitled to recover from the other, and entered judgment in conformity with that holding. Each of the parties prosecuted a writ of error.

[1] At the threshold we are confronted by an insuperable obstacle to the consideration of those assignments of error which relate to the merits of the controversy. We are unable to determine with sufficient certainty whether the judgment of the trial court proceeded solely upon the pleadings, or upon the pleadings and the report of the referee, or involved also a consideration of the evidence. The various recitals in the transcript tend to support each supposition. If evidence was considered by the court, even though it was undisputed, long-settled principles of procedure in trials of actions at law without a jury prevent us, in the present state of the record, from reviewing its sufficiency. The court made no special findings of its own. The record before us consists solely of the pleadings, the stipulation and order of reference, the report of the referee exclusive of the evidence, the motions and exceptions of the parties above described, and the judgment, and no question based on the evidence whether before the referee or the court is so presented that we can take cognizance of it. In one aspect of the transcript it would seem that the court put aside the findings and conclusions of the referee and decided the cause partly upon its own consideration of evidence. By the judgment entry the findings of the referee were neither confirmed, rejected, nor modified, nor were the exceptions thereto or to his conclusions of law passed upon. The motion of defendant, which was for judgment "upon the pleadings and record in the cause," is variously referred to in the judgment entry as one for judgment "notwithstanding the said report of said referee," for judgment "on the pleadings, the undisputed evidence and findings of the referee, notwithstanding said report," and for judgment "on the pleadings and findings of the referee, notwithstanding the report of the referee to the contrary." As last characterized, the motion is recited in the judgment entry as being sustained, but immediately following is the further recital, somewhat inconsistent:

"That, in view of the opinion of the court upon the motion of defendant for judgment in its favor, it is unnecessary for the court to consider or pass upon the report of the special referee or upon the exceptions of either party thereto."

If, as last recited, the court did not consider the report at all, then, unless evidence was considered, the judgment must have been upon the pleadings. In that case a question of law would arise for our notice, but counsel agree that the pleadings alone will not sustain the judgment of the court. We are also of that opinion. The difficulty we have is emphasized by the two opinions of the trial court, copies of which have been transmitted with the record as required by a rule of this court. In Loeb v. Columbia Township Trustees, 179 U. S. 472, 482, 21 Sup. Ct. 174, 179 (45 L. Ed. 280), the Supreme Court, in construing a like rule of their own, said that, while they could not refer to the opinions to ascertain "the evidence or the facts found below

upon which the judgment was based," they could do so in order to be "informed of the grounds upon which the court below proceeded. Unless the rule had at least that object, why should it have been adopted?" When there is, as here, so much uncertainty in the record proper, we think we may refer to the opinions of the trial court to discover the character of the matters considered in rendering judgment. In the first opinion the court said:

"Under all the facts and circumstances of this case, the terms of the contract between the parties being considered, I am of the opinion," etc.

Again:

"The evidence further shows from a voluminous correspondence conducted by plaintiffs," etc.

Again:

"However this position does not find support in the evidence or findings of fact of the referee."

It concludes with the statement that:

"The motion for judgment in favor of defendant on the pleadings, the undisputed evidence and findings of the referee, notwithstanding the report to the contrary, must be sustained."

In the second opinion, by which defendant was denied recovery on its cross-demand, its motion for judgment sustained in the first opinion is styled a "motion for judgment on the pleadings." As already observed, if the judgment was on the pleadings alone, it cannot be sustained. If evidence was considered by the trial court, we cannot review it because the evidence is not here, and, if it were here, the proper foundation for a review was not laid. If the pleadings and findings of fact were the basis of the judgment, still we cannot review it because no disposition of the exceptions to the findings was made.

[2-4] The following principles indicate the limitations upon our power of review and the proper practice of trial tribunals in cases like that at bar. It is a rule so well settled as not to require the citation of authority that, when an action at law is tried by a court upon a written waiver of a jury, the sufficiency of the evidence to support the judgment will not be reviewed by an appellate court in the absence of a request by the complaining party at the close of the evidence for a finding or judgment in his favor or special findings by the trial court of the facts established. An opinion of the trial judge analyzing the facts cannot be taken as a special finding. Keeley v. Ophir Hill, etc., Co., 95 C. C. A. 96, 169 Fed. 598. It was at one time questioned whether there could be a review in an appellate court of the United States where the facts were found by a referee (Boogher v. Insurance Co., 103 U. S. 90, 95, 26 L. Ed. 310), but it is now settled that when a jury has been waived in writing, and the findings of the referee have been confirmed by the trial court as reported or as modified by it, the question whether the judgment rendered was warranted by the facts found will be reviewed by the appellate court as though the findings were wholly made by the trial court itself (C., M. & St. P. R. Co. v. Clark,

178 U. S. 353, 364, 20 Sup. Ct. 924, 44 L. Ed. 1099). In Board of Commissioners v. Sherwood, 11 C. C. A. 507, 64 Fed. 103, this court said:

"The record shows that the circuit court 'adopted each finding of fact made by the referee as findings of fact made by the court,' and in view of that statement we have treated the case precisely as if it came to this court on a special finding of facts made by the trial court. Boogher v. Insurance Co., 103 U. S. 90 [26 L. Ed. 310]. The questions open for review on the writ of error that has been sued out are those, and none other, which might have been reviewed if the trial had actually taken place before the court under a written stipulation waiving a jury, and the court had made a special finding of the facts."

When the trial court has referred a cause to a referee instead of trying it itself, it is important in determining its power over the subsequent proceedings to know whether the reference was at common law or was under the local practice of the state where the court was held. In Dundee Mortgage Co. v. Hughes, 124 U. S. 157, 160, 8 Sup. Ct. 377, 378 (31 L. Ed. 357), it was said:

"It is undoubtedly true that under a common-law reference the court has no power to modify or to vary the report of a referee as to matters of fact. Its only authority is to confirm or reject, and, if the report be set aside, the cause stands for trial the same as if it had never been referred."

On the other hand, state statutes have frequently been regarded as the source of authority for references of actions at law in the courts of the United States, and in some cases though no specific mention of the statutes was made in the order. Boatmen's Bank v. Trower Bros. Co., 104 C. C. A. 314, 181 Fed. 804; Dietz v. Lymer, 10 C. C. A. 71, 61 Fed. 792, on rehearing 11 C. C. A. 410, 63 Fed. 758; United States v. Ramsey (C. C.) 158 Fed. 488; Dundee Mortgage Co. v. Hughes, supra. When there is a written waiver of a jury, and the cause has been referred to a referee under the authority of a state statute, the referee and the trial court should thereafter follow the local practice and modes of proceeding "as near as may be" in accordance with the Conformity Act as generally construed. See United States v. Ramsey, supra.

[5, 6] It is clear, we think, that the reference of the case at bar was under the Kansas statute. The order recites a cause for reference mentioned in the statute and also the consent of both parties as therein authorized. Section 5892, G. S. Kan. 1909 (Code Civ. Proc. § 298), provides that all or any of the issues in an action whether of fact or of law or both, may be referred. Section 5894 (section 300) provides:

"A trial before referees is conducted in the same manner as a trial by the court. * * * They must state the facts found and the conclusions of law separately, and their decisions must be given and may be reviewed in like manner. The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the referee is to report the facts, the report has the effect of a special verdict."

The findings of fact by a referee, as reported to the court, stand beyond question except when and to the extent assailed by one or both of the parties. Campbell v. Phillips, 28 Kan. 753; Martsolf v. Barnwell, 15 Kan. 612, 617. Section 5891 (section 297), relating to trials of questions of fact by the court, has a reflex bearing upon the proper practice before referees. It provides that the court shall, if one of the

parties request it, "state, in writing, the conclusions of fact found, separately from the conclusions of law." In Vickers v. Buck, 70 Kan. 584, 79 Pac. 160, it was held "error for the court to refuse the request, or to refuse to make such separate findings so definite that the party may have a fair opportunity to except to the decision of the court upon the conclusions of law involved in the trial." In the case at bar we think the foregoing considerations and the interests of justice required the trial court to consider the exceptions and to confirm, reject, or modify the findings of fact or to recommit the questions involved to the referee. Only in that way would the letter and intent of the statute be observed and the rights of the parties to a review be secured.

The judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.