## WICHITA NATURAL GAS CO. v. VERMILION et al.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1924. Rehearing Denied May 21, 1924.)

No. 6368.

1. Appeal and error ⬅➾849(2)—Rulings of referee held not reviewable on writ of error to District Court.

Where by stipulation in an action at law a referee was appointed to take evidence, and make and report findings of fact and conclusions of law, and in the District Court exceptions were filed only to such findings and conclusions, on writ of error to that court the appellate court cannot review rulings of the referee on admission and exclusion of evidence, under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668).

2. Appeal and error ⬅➾849(2)—Scope of review where action is tried without jury.

Where an action at law was by stipulation sent to a referee to make and report findings of fact and conclusions of law, and the District Court affirmed his findings, the only question presented to the appellate court on writ of error is whether the findings of fact support the judgment.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by R. R. Vermilion and others against the Wichita Natural Gas Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Fred Robertson, of Kansas City, Kan., and H. O. Caster, of Bartlesville, Okl. (R. J. Higgins, of Kansas City, Kan., on the brief), for plaintiff in error.

J. D. Houston, of Wichita, Kan., for defendants in error.

Before LEWIS, Circuit Judge, and SYMES and PHILLIPS, District Judges.

LEWIS, Circuit Judge. Defendants in error, plaintiffs below, sued Wichita Natural Gas Company, plaintiff in error, defendant below, in assumpsit on quantum meruit for services rendered as attorneys and counsellors at law. The answer admitted that defendant employed plaintiffs to render the services sued for, but alleged that two payments which it made and which were given credit on account by plaintiffs in their complaint, were in full settlement and satisfaction. There was written waiver of jury trial and written stipulation that the issues presented by the pleadings be referred to a referee to be appointed by

the court, who should take and report the evidence, make findings of fact, conclusions of law and his recommendation thereon, and report same to the court. An order of appointment was made as stipulated. The referee took the evidence and reported to the court his findings of fact, conclusions of law and his recommendation that judgment be entered for plaintiffs in an amount stated as the balance due. The defendant then moved that certain findings of fact made by the referee be stricken out or set aside because contrary to the evidence, not supported by the evidence, against the weight of the evidence, and prejudicial to the defendant; and that his conclusions of law be also stricken for the same reasons, and for the further reason that they were based upon erroneous findings of fact. The motion also asked the court to allow and preserve its exception to each of those findings. The court considered the motion in the light of the evidence returned, and in a memorandum decision said:

"I have examined the evidence and have no hesitation in here stating, in my judgment, the greater weight of the evidence taken fully supports the findings of the referee as to the value of the services performed by the plaintiffs at the solicitation and request of the defendant. This being true, the motion of defendant to strike out from the report of the referee the ultimate facts found from this evidence must be denied, and is denied, and the motion of the plaintiffs to confirm the report is sustained. Let this be done, and let judgment enter as recommended in the report of the referee."

[1] On entry of judgment defendant sued out this writ of error and filed therewith forty-two assignments of error, which it presents here. All of these alleged errors, except six, are directed to the action of the referee while the evidence was being taken before him—the admission and exclusion of offered proof, and the like. But none of his action in that respect was excepted to after he filed his report. It is not disclosed that his rulings, challenged by thirty-six of the assignments, were ever called to the attention of the court and its action invoked thereon. It was not asked to correct his errors in that respect, if any had been committed, by re-reference or otherwise. The exceptions which it filed to his report dealt only with the ultimate facts which he found and his conclusions of law.

It is only procedure in court, judicial action, that we can review; not that of the referee. The writ was directed to the former, it could not run to the latter; hence, it brought up for review action of the court, not of the referee. Boogher v. Insurance Co., 103 U. S. 90, 26 L. Ed. 310; David Lupton's Sons v. Auto Club, 225 U. S. 489, 32 Sup. Ct 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699; City of Cleveland v. Walsh Constr. Co. (C. C. A.) 279 Fed. 57, 63; Demotte v. Whybrow (C. C. A.) 263 Fed. 366; Philadelphia Casualty Co. v. Fechheimer, 220 Fed. 401, 136 C. C. A. 25, Ann. Cas. 1917D, 64; sections 649 and 700, R. S. (sections 1587 and 1668, Comp. St.). Conceding, as counsel for plaintiff in error argue, that the reference was under the Kansas statute, Tiernan v. Chicago Life Ins. Co., 214 Fed. 238, 131 C. C. A. 284, and not an arbitration or common-law reference, still the local statute requires that the action of the referee, when objected to, must be submitted to the trial court for correction or re-submission; and appellate procedure is from that court not from the referee. It gives to the

findings or conclusions of the referee the effect of a special verdict and subjects his decisions to review by the court, and makes the report of the referee upon the whole issue stand, if approved, as the decision of the court. If the Supreme Court of Kansas has construed that statute as permitting it to directly review the action of the referee, as to which we are not advised, that procedure could not be followed here because of the Congressional Act and the decisions supra. As already said, no exceptions were taken to the referee's report touching the procedure before him, but only to his findings of fact and conclusions of law. This presents here the one question, whether the trial court erred in holding that the referee's findings of fact and conclusions were sustained by the proof. The referee first made a general statement as to the character of services rendered and of the time covered in their rendition. He then stated his ultimate findings of fact, which covered two questions, first, Whether the two payments had been made in full settlement and satisfaction, which he found to be only payments on account; and secondly, What sum would be a reasonable compensation for the services rendered, which he fixed in an amount named, deducting therefrom the two partial payments; and concluded, as matter of law, that defendant was indebted to the plaintiffs for the balance, that plaintiffs were entitled to a judgment therefor, and he recommended that the judgment be entered.

[2] Counsel for plaintiff in error argue earnestly and vigorously that the sum found by the referee was too large. The services rendered extended over a period of two years and required almost all of the time of one member of the firm and a large part of the time of another, besides conferences and consultations between all four of them. The character of the services was this: Plaintiff in error was under contracts to furnish natural gas to public service corporations which were supplying that commodity to many towns in Kansas and their inhabitants. It was receiving an agreed per cent. of the receipts of said public service corporations for delivery of gas at the city gates. It claimed that what it was getting was not remunerative, and it decided it would no longer comply with the contracts unless it would be paid more. Obviously, that would raise the cost to the consumer, and caused wide-spread dissatisfaction, bitter protest and consequent litigation. It employed defendants in error to represent it in those controversies. It gave notice of its intended breach. Twelve suits were brought, some in State courts, some in the Federal court, and those in the State courts were removed to the Federal court, and plaintiff in error succeeded in being relieved from the burden of its contracts. Then it was necessary that the consent of the Public Utilities Commission of Kansas be obtained to the increased rates. That consent was obtained and the rates were very largely increased over those that had prevailed under the contracts. The services rendered by defendants in error in all of these matters were testified to in detail. Twelve lawyers, after being fully advised as to the character and extent of those services, testified that their reasonable value was in sums stated, each being far in excess of the amount allowed by the referee, and five lawyers each testified to a sum far below that amount. Taking an aver-

age of all of the amounts so testified to by the seventeen witnesses on the question of the reasonable value of the services, it gives an amount slightly in excess of that allowed by the referee and approved by the court. Plainly, there is no basis on which a different conclusion can rest, with assurance that it would be more just, to say nothing of the limitations of our inquiry, Does the evidence sustain the judgment? This, according to the cases first cited herein, is the unquestioned rule. The same must be said of the two payments. The evidence, the greater weight of it, sustains the finding that they were on account and not in settlement and full satisfaction.

Judgment affirmed.